James F. GOLDEN et al., Respondents,

v.

Harvey F. EUGE, Appellant.

No. 42130.

Missouri Court of Appeals,
Eastern District,
Division Three.

Dec. 16, 1980.

Motion for Rehearing and/or Transfer to Supreme Court Denied Feb. 13, 1981.

Application to Transfer Denied
April 6, 1981.

Harvey F. Euge, pro se.

Mark Stoll, John Schneider, Dennis Tesreau, Hillsboro, for respondents.

REINHARD, Judge.

Plaintiff Golden filed a complaint of unlawful detainer against defendant Euge; the case was tried to a jury in magistrate court, the jury returning a verdict for plaintiff. Defendant then appealed to the circuit court. The circuit court ultimately dismissed the appeal, and remanded the case to the associate circuit court for entry of the judgment. After the circuit court denied his motion for rehearing, defendant filed this appeal.

It appears that the circuit court dismissed defendant's appeal because defendant failed to appear at the July adjourn Day Docket Call. Defendant, a non-lawyer who appeared pro se,[1] argues that the circuit court clerk failed to give him proper notice "in that she failed to set out a date certain for the hearing of his cause of action."[2]

Defendant admits in his pleadings and brief that he had received a letter dated May 11, 1979 from the clerk. This letter informed him that the case involving him had been removed from the trial docket and "continued to the July Adjourn Day Docket Call *for trial setting or dismissal.*" (emphasis added). The specific calendar date of the July Adjourn Day Docket Call was not stated.

In considering whether the notice given to defendant was insufficient, we note that although the parties must be given reasonable notice of court proceedings, this requirement is a flexible one and depends upon the particular circumstances of the case. *Baker v. Baker,* 274 S.W.2d 322, 326[14, 15] (Mo.App.1954). It is commonly known that courts, to expedite their work, routinely designate various days of the month as days in which action will be taken on all pending matters of certain types. Such days are often called "term days," "law days," "adjourn days," etc. Matters are frequently continued to such days by references to the "July Law Day," the "August Adjourn Day," and so forth, without stating the specific date that such day will fall upon. Those familiar with the court's procedure may easily calculate the exact date, and others may easily apprise themselves of the procedure and the date by consulting the clerk.

If a party neglects to look after the course of the proceeding in which he is involved, he should have no cause to complain about the court's action. *Citizens*

---

1. Defendant, although not a lawyer, admitted that he had considerable experience in handling his own cases before various courts, including the United States Supreme Court.

2. Defendant refers in his brief to previous notices sent by the circuit clerk; such notices were not included in the record and thus are not before this court.

*Bank of University City v. Gehl*, 567 S.W.2d 423, 425[4] (Mo.App.1978). Here, defendant received notice that the case would be set for trial or dismissed on the "July Adjourn Day." By his own admission, defendant received this notice nearly two months prior to the adjourn day. The notice reasonably informed defendant when the next action would be taken on his case and gave defendant a sufficient period to ascertain the exact date. Under these circumstances, we hold that the circuit court's dismissal of defendant's appeal was not error.

Judgment affirmed.

CRIST, P. J., and SNYDER, J., concur.