**Patricia Gale WALSH, Respondent,**

v.

**Douglas Lewis WALSH, Appellant.**

**No. 46122.**

Missouri Court of Appeals,
Eastern District,
Division Three.

May 10, 1983.

J. Martin Hadican, Clayton, for appellant.

Philip M. Sestric, Kirkwood, for respondent.

REINHARD, Judge.

Husband appeals from a denial of his Rule 74.32 motion.

Husband and wife filed a joint petition for dissolution of marriage in January, 1978. Separate attorneys entered their appearance for husband on March 17, 1978. Wife filed an amended petition on May 4, 1978. The record reveals that husband obtained an additional 20 days to plead, however, the record reveals no additional pleadings by husband. In September, 1978, a hearing was held and husband was ordered to pay to wife amounts for temporary child support, as well as attorney's fees on account.

A hearing on the dissolution was set for February 7, 1979. This date was continued by consent to be reset upon application. On January 15, 1980, on wife's application, the case was set for trial on April 9, 1980. On June 17, 1980, the case was again set for trial on wife's application, on July 31, 1980. On July 31, 1980, upon oral application of the parties, the cause was set for trial on October 16, 1980. The case was not tried on that date. On February 23, 1981, husband's attorney executed a withdrawal which was filed with the court on February 25, 1981. On that same date, on wife's application the cause was set for trial on March 23, 1981. On March 17, the case was assigned to an associate circuit judge. On March 23, 1981, wife appeared with counsel. Husband did not appear. Evidence was adduced and the dissolution was granted.

On December 23, 1981, husband filed this motion. Husband's motion alleged that he "did not appear in person or by attorney" at the hearing, and that the clerk did not serve notice of the entry of the decree as required by Rule 74.78. Further, the motion alleged that the husband "did not have notice of the aforesaid hearing." The trial court conducted a hearing and denied the motion.

On appeal, husband abandons that portion of his motion requesting relief under Rule 74.78 because relief can be granted under this rule only if application is made within six months of the judgment. That was not done here.

Husband claims, though, that he was entitled to relief under Rule 74.32 because he did not have notice of the hearing of his case. In *Susman v. Hi-Fi-Fo-Fum, Inc.*, 597 S.W.2d 680, 681 (Mo.App.1980), this court said:

Rule 74.32 establishes a remedy whereby a judgment may be set aside for an irregularity on the face of the record if the motion is made within three years after the judgment is rendered.... Under Rule 74.32 an irregularity sufficient to warrant setting aside a judgment exists if there is "a want of adherence to some prescribed rule or mode of procedure, consisting either in omitting to do something that is necessary for the due and orderly conduct of the suit, or in doing it in an unreasonable time or an improper manner." *McDaniel v. Lovelace*, 439 S.W.2d 906, 910 (Mo.1969) *quoting from Wooten v. Friedberg*, 355 Mo. 756, 765, 198 S.W.2d 1, 7 (1946). The irregularity must be one that "is patent on the record and not one depending on proof *dehors* the record." *Casper v. Lee*, 362 Mo. 927, 939, 245 S.W.2d 132, 138 (Mo. banc 1952). (emphasis original).

The failure to give notice of a trial setting is a procedural defect that *may* merit relief under Rule 74.32. *Susman v. Hi-Fi-Fo-Fum, Inc.*, 597 S.W.2d at 682. While there is no prescribed method as to how or by whom the notice of a trial setting shall be given, notice must be given, either by the adverse counsel, the court, or by some court rule providing that at a specific time, cases will be heard. The record should establish that the parties were provided notice of the trial setting or that the address of a party is unknown and cannot be noti-

fied. Here, the record is barren of any evidence that defendant was notified of the trial setting, or that his whereabouts were unknown.[1]

We have, however, examined the record here and conclude that the court's denial of husband's motion did not constitute an abuse of discretion. On February 25, 1981, husband's attorney withdrew. No new attorney appeared for him. The petition to set aside judgment was filed on December 23, 1981, with nothing appearing of record establishing any inquiry or other action by husband for 10 months.

In *Golden v. Euge,* 612 S.W.2d 362 (Mo. App.1980), this court was confronted with an appeal by a layman, without an attorney, who complained of trial court error in dismissing his case. He argued lack of notice. We said:

> In considering whether the notice given to defendant was insufficient, we note that although the parties must be given reasonable notice of court proceedings, this requirement is a flexible one and depends upon the particular circumstances of the case. *Baker v. Baker,* 274 S.W.2d 322, 326[14, 15] (Mo.App.1954).

> If a party neglects to look after the course of the proceeding in which he is involved, he should have no cause to complain about the court's action.

612 S.W.2d at 363.

Here, husband neglected to look after the course of the proceedings in his case. This case was ripe for trial. Discovery had been completed. Income and expense statements of both parties were filed with the court. The case had been set for trial four times prior to husband's attorney's withdrawal. The case was then set for trial 30 days later. A diligent party could have learned of the trial setting from the record in time to defend, to have appealed or to have had the benefit of Rule 74.78.[2]

Judgment affirmed.

CRANDALL, P.J., and CRIST, J., concur.

1. *See Owens v. Vesely,* 620 S.W.2d 430, 433 (Mo.App.1981) for a contrary view as to the requirement of providing a party notice of a trial setting.

2. In *Owens v. Vesely,* 620 S.W.2d 430, 433 (Mo.App.1981), the court affirmed a trial court's denial of a writ of coram nobis, based on failure of a party to receive notice of a trial setting after discharge of the party's attorney. The court stated:

> A party has a duty to keep abreast of all proceedings in a case from service of original process until final judgment [*Bindley v. Metropolitan Life Insurance Company,* supra, 335 S.W.2d 64 at 70], and is charged with notice of all subsequent steps taken in the case down to and including judgment, even if he has no actual notice of it. *Meadowbrook Country Club v. Davis,* 384 S.W.2d 611, 613 (Mo.1964). In the absence of a rule or statute it is not necessary to give a party notice of the time a case is set for trial. *Rubbelke v. Aebli,* 340 S.W.2d 747, 751 (Mo.1960). There was a local court rule here requiring the party requesting that a case be placed on the trial docket for a trial setting to give notice to the other party. We do not think that de-

> fendant can rely on such rule to prevent her from being negligent as she had no assurance that her current address was still known to plaintiffs or could have been ascertained by them or their counsel. She might have assumed this was so by believing that plaintiffs had her address but we think that such reliance, if there was such, did not justify her ignoring the pending suit. In *Fox-Miller Grain Co. v. Stephans,* 217 S.W. 994, 996 (Mo.App.1920), coram nobis did not lie where the defendant answered but "laid dreamily by, without inquiry or excuse" and let a judgment be taken against him. Because of her failure to follow the progress of the case herself or to secure an attorney to do so for her, we cannot say that there was no substantial evidence to support the court's finding that defendant was guilty of negligence which prevented the relief sought; nor can we say with a firm belief that the finding was against the weight of the evidence. Having found her guilty of negligence the court correctly applied the law and denied the relief sought.