Willie MORRIS, Plaintiff-Appellant,

v.

CHRISTIAN HOSPITAL,
Defendant-Respondent.

No. 47273.

Missouri Court of Appeals,
Eastern District,
Division One.

Dec. 4, 1984.

Willie Morris, pro se.

Kemper R. Coffelt, Clayton, for defendant-respondent.

PUDLOWSKI, Presiding Judge.

Plaintiff appeals from the court's order denying his motion to vacate a judgment entered in favor of defendant.

Plaintiff, proceeding *pro se,* filed his initial petition against defendant on March 29, 1981 for personal injuries alleged to have occurred May 12, 1978. Thereafter on May 15, 1981, the petition was dismissed without prejudice. On May 28, 1982, plaintiff filed his second petition. On June 23, 1982, defendant filed its motion to dismiss alleging *inter alia* that plaintiff's second petition was filed beyond the one year statutory period allowed in Section 516.230 RSMo 1978. On July 16, 1982, the court entered the following order:

Defendant's Motion to Dismiss called. Plaintiff fails to appear, the Court being advised of defendant's attempt to serve Plaintiff, at his address, with Notice of Hearing by way of certified mail, which according to the return submitted by the postal authorities, Plaintiff refused to ac-

cept after receiving the Notice from the postal authorities on 6/24/82 & 6/29/82.... Defendant's motion to dismiss is hereby sustained, Plaintiff's petition is dismissed with prejudice at plaintiff's cost.

Over nine months later, on April 26, 1983, plaintiff, still proceeding *pro se,* filed a motion to vacate the order of dismissal for want of service and filed a motion for default judgment. Plaintiff set the motions for hearing on April 29, 1983. On April 29, 1983, plaintiff failed to appear in support of his own motions. Defendant appeared and both motions were denied. Plaintiff subsequently filed a notice of appeal.

Defendant has filed a motion to dismiss the appeal. It contends judgment in this case was entered on July 16, 1982 when plaintiff's second petition was dismissed. Inasmuch as the motions filed in April 1983 were untimely to be considered as motions for a new trial, pursuant to Rule 78, the judgment became final on August 15, 1982. Because a notice of appeal was not filed within ten days thereof, it asserts we must dismiss the appeal.

■ However, we believe that plaintiff's motion, filed in April, 1983 which in part asserts that the order of July 16, 1982 should be set aside because plaintiff was not properly served with notice of the hearing on defendant's motion to dismiss can be considered as a motion under Rule 74.32 to set aside the judgment for an irregularity patent on the face of the record. *Walsh v. Walsh,* 652 S.W.2d 274, 275 (Mo.App.1983). Plaintiff has the right to have the denial of that motion reviewed on appeal. *Walsh, Id.*

■ Having resolved that we have jurisdiction, we turn to the merits of plaintiff's appeal. Only point two relates to the ruling of the trial court of April 1983 and that is the only one we shall address. He contends that service of defendant's motion to dismiss was improper and untimely and therefore the court erred in denying his motion to vacate. We find no merit to this contention for two reasons. First, from the record before us it appears that plain-

tiff had proper and timely notice of defendant's motion to dismiss and the hearing thereon. The record establishes that plaintiff refused service by certified mail on at least two occasions on June 24 and June 29, 1982. Mailing is a proper method to notify a *pro se* litigant of notice of a hearing. Rule 43.01(c)(2). *See Zurheide-Hermann, Inc. v. London Square Development Corp.,* 504 S.W.2d 161, 165 (Mo.1973). It is complete upon mailing and is not dependent upon the party receiving it. It was mailed more than eight days in advance of the hearing date as required by Rule 44.01(d) and (e) and was therefore timely.

Second, a period of nearly ten months elapsed from the time of the court's dismissal of plaintiff's petition in July 1982 until April 1983 during which there appears nothing of record establishing any inquiry into the status of the case by plaintiff. Recently this court in *Walsh v. Walsh,* 652 S.W.2d 274 (Mo.App.1983) reaffirmed that a *pro se* litigant has a duty to look after the course of the proceedings in which he is involved. The court held that the lapse of ten months between the court action and any inquiry by the *pro se* litigant constituted sufficient grounds to affirm the trial court's denial of a Rule 74.32 motion.

Affirmed.

GAERTNER and KAROHL, JJ., concur.