Mr. & Mrs. Leonard FIELDS,
Respondents,

v.

Scott GIBSON d/b/a Gibson Contracting
and Demolition, Appellant.

WD 45614.

Missouri Court of Appeals,
Western District.

Nov. 10, 1992.

Motion for Rehearing and/or Transfer to
Supreme Court Denied Dec. 22, 1992.

Application to Transfer Denied
Jan. 26, 1993.

Patrick E. White, Kansas City, for appellant.

Ronald E. Finley, Kansas City, Rosie M. Quinn, Kansas City, Kan., for respondents.

Before KENNEDY, P.J., and SPINDEN and SMART, JJ.

SPINDEN, Judge.

Scott Gibson, doing business as Gibson Contracting and Demolition, appeals the trial court's entering a nearly $1.2 million judgment against him although he did not appear for trial. Gibson contends that he did not appear because he did not receive notices of the trial court's docket call or special trial setting. We agree with the trial court's determination that Gibson had sufficient notice of the docket call because the court published notice in a periodical devoted to legal notices, but we reverse the trial court's denial of Gibson's motion to set aside the judgment because the court provided no notice of the special trial setting other than oral notice at the docket call.

During 1984, Leonard Fields and his wife sued Gibson and others to recover personal property, then valued at $15,000, and actual and punitive damages for breach of an oral agreement in the amount of $502,286.

In December 1984, Gibson filed an answer denying the allegations.

The court continued trial three times at the Fieldses' request. On June 16, 1986, the Fieldses obtained leave to file an amended petition, and Gibson filed an answer on July 8, 1986. The Fieldses obtained another continuance on February 4, 1987, and obtained leave and filed a second amended petition. No further claims were made against Gibson in the second amended petition. In November 1987 and February 1988, the Fieldses obtained additional continuances to obtain service upon a necessary co-defendant, but they never obtained service.[1] On February 23, 1988, Gibson obtained leave of court to file his answer to the second amended petition. Between February 23, 1988, and July 18, 1991, the record contains no indication that Gibson did anything to ascertain the case's status.

Because of no discernable activity in the case, the trial court put the case on a "peremptory docket." The court mailed this notice of the docket call on August 18, 1989:

> There will be peremptory docket call in Division 9 on Friday, August 18, 1989, at 1:30 P.M. Failure to appear at this call may result in default or dismissal of your case. These cases will be given *special trial settings on the weeks available and agreeable by all parties. No further continuances will be granted from this trial setting.*

(Emphasis in the original). Gibson's attorney testified that he did not receive this notice, but the court found that it mailed the notice to him and that it published the notice in *The Daily Record*, a publication which featured legal notices and which Gibson's attorney admitted that he did not read.

1. On February 6, 1989, the court received notice that the co-defendant had obtained a discharge by bankruptcy.

2. The rule states, "Service by publication shall be proved by an affidavit showing the dates upon which and the newspaper in which the notice was published. A copy of the notice shall be attached to the affidavit which shall be filed.

Neither Gibson nor his attorney attended the docket call, and the court set the case for a special trial setting on September 1, 1989. The court did not send Gibson notice of this setting.

On September 1, 1989, the Fieldses appeared at trial and submitted evidence. At the end of the proceeding, the trial court asked counsel to prepare an order. Counsel did not accomplish this task until more than a year later. Finally, on December 5, 1990, the court entered an order finding Gibson in default and granting the Fieldses "replevin of their property described in the petition, damages for loss of income in the sum of $480,000.00, $10,000.00 for renovation, $18,124.00 for wages, $520,035.00 for equipment and machinery, and $250,000.00 punitive damages."

On July 19, 1991, Gibson filed his motion to set aside the judgment. After an evidentiary hearing on the motion on November 8, 1991, the court issued an order on December 2, 1991, denying it.

Gibson contends the court erred in denying his motion because the judgment was issued without due process of law. He argues that no evidence existed that he received notice of the docket call and that he was not provided notice of the special trial setting.

■ Gibson argues that the trial court did not have sufficient evidence from which to conclude that the notice of the docket call was published. Relying on Rule 54.-20,[2] he claims that evidence must be submitted by means of an affidavit, certificate or letter from the publishers confirming the publication of the docket, and this was not done. We disagree with his premise; Rule 54.20 governs service of process or summons, not notice of docket calls.

The clerk's certificate that a copy of the notice upon order for service by publication and a copy of the petition were mailed to defendant at the address stated in the plaintiff's petition or in the affidavit for order of publication and the date of the mailing shall likewise be filed."

The record contains substantial evidence that notice of the docket call was published in *The Daily Record.* The trial judge's division clerk confirmed that notice of the docket call was published in *The Daily Record,* and she produced a copy of the notice which appeared in the publication. The Supreme Court of Missouri has held that such notice is sufficient to afford parties due process of law. *Bindley v. Metropolitan Life Insurance Company,* 335 S.W.2d 64, 69 (1960). In *Bindley,* the court specifically held that notice in *The Daily Record* is reasonably calculated to apprise parties of the settings of trials and offer them an opportunity to be heard. Hence, we agree with the trial court's finding that Gibson had notice of the docket call.

■ We concur, however, with Gibson's contention that the trial court's failure to give any notice of the special trial setting except for the oral announcement at the docket call denied him due process of law in violation of Mo. Const. art. I, § 10 (1945). "[A] party must be informed of 'any proceeding which is to be accorded finality' either by actual notice or by some '*notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action* and afford them an opportunity to present their objections.' " *Eastin v. Franklin,* 806 S.W.2d 57, 60 (Mo.App.1991) (quoting *Greene v. Lindsey,* 456 U.S. 444, 449-50, 102 S.Ct. 1874, 1878, 72 L.Ed.2d 249 (1982) (emphasis in the original)).

■ If Gibson had been in default, as the trial court deemed him to be, his due process claim would be significantly diminished, but he was not in default. He had filed an answer, and we do not find any action by the court at the docket call to strike his answer. "[D]efault and failure to appear are two different events. [A] party who has filed a responsive pleading is not in default even upon failure to appear in court." *Vetter & Associates, Inc. v. Dimarco Corp.,* 733 S.W.2d 459, 461 (Mo. App.1986). When, however, a party "inex-cusably fails to timely appear for trial, the court may hear evidence and render judgment as if the case were 'in default,' " *Williams Energy Company v. Tracy Truck Leasing, Inc.,* 562 S.W.2d 765, 767 n. 1 (Mo.App.1978), but failure to appear is not by itself sufficient grounds for taking judgment by default. *Donnell v. Vigus Quarries, Inc.,* 457 S.W.2d 249 (Mo.App. 1970).

We do not fault the trial court for setting the case for trial even though Gibson did not appear, but because Gibson was not in default at the docket call—for his answer still stood—he should have received notice of the special setting. Because the court did not provide any notice other than oral announcement, his failure to appear at trial was excusable, and the trial court should set aside its judgment.

The Fieldses contend that the court was justified in denying the motion to set aside the judgment because Gibson negligently failed to keep himself informed of the case's status. "A party has a duty to keep abreast of all proceedings in a case from service of original process until final judgment, and is charged with notice of all subsequent steps taken in the case down to and including judgment, even if he has no actual notice of it." *Owens v. Vesely,* 620 S.W.2d 430, 433 (Mo.App.1981).

The court, however, had a due process obligation to notify Gibson of the special setting. *Eastin,* 806 S.W.2d at 60. This court has previously stated:

> Although our courts have said that in the absence of a rule or statute it is not necessary to give a party notice of the date a case is set for trial, ... our supreme court has held that due process considerations, in the interests of fairness and justice, require notice be given whenever a party's rights are to be affected.... Certainly as to a party not in default due process considerations should apply.... The rights to notice and opportunity to be heard should be granted at a meaningful time and in a meaningful manner....

Reasonable notice is to be determined in the light of the facts of the case.

*Irving v. Brannock,* 756 S.W.2d 585, 586–87 (Mo.App.1988).

We conclude that in this case, because it was not dealing with a party in default, the trial court had an obligation to do more than announce the special setting orally at the docket call. Reasonable notice would be written notice of the special setting. So, we remand the case to the trial court with instructions for it to sustain Gibson's motion to set aside the judgment.

All concur.