**Roberta WILSON, Respondent,**

v.

**Forrest Ray WILSON, Appellant.**

No. 69138.

Missouri Court of Appeals,
Eastern District,
Division Three.

July 2, 1996.

Rita R. Starnes, Linn, for appellant.

Michael J. Kuster, Jefferson City, for respondent.

GERALD M. SMITH, Presiding Judge.

Husband appeals from the denial of his motion pursuant to Rule 74.06(b) to set aside a judgment entered in a dissolution of marriage case. We reverse and remand.

Wife filed a petition for dissolution of marriage in Osage County on May 6, 1994. Husband filed a motion to dismiss that action on May 25, 1994, on the grounds that he had filed a prior action in Pike County on April 29, 1994. That motion was not ruled on prior to the date the dissolution decree was issued in July 1995. In November 1994, the Pike County action was voluntarily dismissed by the husband, apparently in the mistaken belief that wife's action in Osage County had been dismissed, and that he could file a subsequent action in another state.

On February 7, 1995, wife's attorney sent a notice to husband's attorney that on February 21 he would "call up" the Osage County case for disposition of all motions and for trial setting. On February 21 the case was "passed". On March 1 husband's attorney filed a motion for leave to withdraw citing husband's failure to respond to notices and communications from counsel. That motion was granted March 21.

The case was set for trial on May 16. The husband was not present. On July 5, 1995, the judgment and decree was signed by the trial court. In it the marriage was ordered dissolved, distribution of marital property was ordered, and maintenance and attorney's fees for wife were provided. Nothing in the record indicates that husband received notice of the hearing or that any attempt to give him notice was made. Copy of the decree was mailed to husband on July 5 and was received by him a few days later. He filed his motion to set aside the decree on August 11.

The issue presented on appeal is whether husband was entitled to notice of the hearing and, if so, whether failure to notify him requires setting the judgment aside. Wife asserts that husband did not establish "excusable neglect" and the trial court did not abuse its discretion in denying the motion to set aside the judgment.

In *Greene v. Lindsey*, 456 U.S. 444, l.c. 449–50, 102 S.Ct. 1874, l.c. 1878, 72 L.Ed.2d 249 (1982) the court held that a party must be informed of any proceeding which is to be accorded finality either by actual notice or by some "notice reasonably calculated under the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." A party has a due process right to notice of a proceeding, such as the dissolution hearing here, which is to be accorded finality.

That due process claim is significantly diminished if the party is in default. *Fields v. Gibson*, 840 S.W.2d 884 (Mo.App. 1992)[3]. But default and failure to appear are two different occurrences. A party who has filed a responsive pleading is not in default even upon failure to appear in court. *Id.* Husband was not in default. He had filed a motion to dismiss the Osage county action which was still pending at the time of the dissolution hearing. Under Rule 55.25(c) no answer was due until ten days after the court denied the motion or specifically postponed disposition of it until trial. The record does not reflect that either event occurred here. No answer was due from husband at the time of the dissolution hearing and consequently he was not in default. Failure to appear is not by itself sufficient grounds for taking a judgment by default. The failure to appear must be "inexcusable" for that to justify such a judgment. *Fields v. Gibson, supra.* Failure to provide notice of the hearing makes absence therefrom excusable and the judgment shall be set aside. *Id.*

At the conclusion of husband's evidence at the hearing to set aside the judgment the following colloquy occurred. The Court: "Do you need to put on evidence before I

overrule the motion?" Mr. Kuster (wife's attorney): "Yes. I'd like to put Mr. Lockenvitz on." The Court: "Even though I'm going to overrule the motion? No." Mr. Kuster: "Okay. That's all right."

Wife now asserts that she had evidence from Mr. Lockenvitz that would have indicated that husband had notice of the hearing. There is no such evidence in the record. Wife presented nothing to refute husband's evidence that he did not receive notice or to explain the absence in the court files of any indication of notice or attempted notice. If counsel had evidence to refute the husband's evidence and the court records he was obligated to present it despite the court's obvious reluctance to hear it. There was no reason to believe that the matter would end in the trial court, as indeed it has not, and on appeal we can only consider the record made, not what might have been.

Judgment denying husband's motion to set aside the judgment is reversed, the judgment is set aside and the cause remanded for further proceedings.

GARY M. GAERTNER and RHODES RUSSELL, JJ., concur.