Patricia Ann BUFORD, as Next Friend of Tiffany Buford, a Minor, and Patricia Ann Buford, Individually, Petitioners–Respondent,

v.

John H. RAY, Respondent–Appellant.

No. 71808.

Missouri Court of Appeals,
Eastern District,
Division Five.

Aug. 5, 1997.

Motion for Rehearing and/or Transfer to Supreme Court Denied Aug. 26, 1997.

Application to Transfer Denied Sept. 30, 1997.

Murry A. Marks, Jason S. Marks, St. Louis, for appellant.

John P. Dockery, Jr., Asst. Cir. Atty., St. Louis, for respondent.

WILLIAM E. TURNAGE, Senior Judge.

Patricia Ann Buford filed a petition seeking to establish that John H. Ray was the father of her daughter, Tiffany Buford. The court entered judgment finding that Ray was the father and for past and future child support. Ray filed a motion to set aside the judgment, and on refusal of the court to do so, filed this appeal. Affirmed.

In February 1985 Patricia Buford filed a petition seeking to establish John Ray as the father of Tiffany Buford and seeking a judgment for past and future support. Ray re-

tained a lawyer and filed an answer. After numerous trial settings the case was finally set for trial on February 13, 1996. Prior to February 13, Ray's attorney filed a motion to be allowed to withdraw on the ground that he had written to Ray but had not heard from him. On February 13, 1996 the court allowed Ray's counsel to withdraw and in the order the court set the case for trial on March 6, 1996. On that date Ray failed to appear, and the court entered judgment for the relief sought.

On October 8, 1996, Ray's counsel filed a motion to set aside the judgment on the ground that Ray had not been notified of the trial setting. In the motion to set aside, counsel stated that he had made numerous attempts to contact and locate Ray prior to the date the cause was set for hearing on February 13, 1996, but he was not able to do so. The motion further stated that all correspondence addressed to Ray had been returned "addressee unknown" and, because of that, counsel had moved to withdraw. The motion further stated that on February 13, 1996, the court granted the motion to withdraw and also set the cause for hearing on March 6, 1996. The motion continued: "At this [that] time neither Petitioners, the Court or Mr. Marks had an address for Respondent so that appropriate notice of the trial date, consistent with due process, could be given to Respondent."

The motion requested that the judgment of March 6 be set aside for failure to give notice to Ray of the date the cause was set for hearing. After a hearing, the court denied the motion to set aside the judgment.

■ On this appeal, Ray contends the court failed to give him notice of the trial setting on March 6, 1996 and contends that this deprived him of due process.

In *Walsh v. Walsh*, 652 S.W.2d 274, 275 (Mo.App.1983), this court stated: "The failure to give notice of a trial setting is a procedural defect that *may* merit relief under Rule 74.32. [current version at Rule 74.06(b) ]." This court, in *Walsh*, further stated that there is no prescribed method for giving notice but that notice should be given by adverse counsel, the court, or by some court rule providing a specific time when cases will be heard. This court further stat-

ed: "The record should establish that the parties were provided notice of the trial setting or that the address of a party is unknown and cannot be notified."

The facts in this case are almost identical to the facts in *Walsh*. In *Walsh* there were numerous trial settings and continuances. The husband's attorney withdrew, and on the date of the withdrawal the case was set for trial. There was nothing to indicate that the husband had been notified of the trial setting. On the date set, wife appeared but the husband failed to appear and the court entered judgment. The court declined to set aside the judgment on the husband's motion.

Like *Walsh*, the case at bar had numerous trial settings and continuances until the case was set for trial on February 13, 1996. In November and December of 1995, counsel for Ray wrote at least two letters to Ray notifying him of the trial setting in February but heard nothing from Ray. Apparently, from the motion to set aside the judgment which was supported by an affidavit of Ray, counsel's letters were returned marked "addressee unknown." Also, according to the motion to set aside, at the time the cause was set for trial neither the court nor Ray's attorney knew an address for Ray.

By Ray's own statement, this cause falls under the statement in *Walsh* that the record should show that a party was either notified or that the address of the party was unknown so that the party could not be notified. The record is clear that Ray could not be notified because no one knew his address.

Furthermore, in *Walsh* this court held that the court had not abused its discretion in denying the motion to set aside. In that case, the attorney was allowed to withdraw and on that same date the court set the case for trial. In this case, Ray's counsel was allowed to withdraw on February 13, 1996, and in the order allowing the withdrawal, the court set the cause for March 6, 1996.

In *Walsh*, the court noted that the case had been set for trial four times and was ripe for trial. This court held it was not an abuse of discretion for the court to refuse to set aside the judgment because Walsh neglected to look after the course of the proceedings.

In this case, the cause had been set for trial numerous times and counsel for Ray

had lost track of him and had no idea how to contact him. By Ray's own admission, when the cause was set for trial, no one involved in the case knew his address.

In *Walsh,* the court held that the husband's failure to look after the course of the proceedings was negligence, which was grounds for denial of his motion to set aside the judgment. In this case, Ray displayed a *similar neglect to look after the proceedings* when he failed to remain in contact with his lawyer so that he could keep advised of the progress of the case.

Failure to notify a party of a trial setting is a ground for setting aside a judgment under Rule 74.06(b), but a party has a duty to look after the proceedings in his own case, which includes keeping his attorney advised of his address. If Ray had been diligent, he would have kept his lawyer advised of his address so that he could have been notified of the trial setting.

Because Ray neglected to look after the course of the proceedings in his own case, the court correctly denied the motion to set aside the judgment. *See Walsh, supra.*

The judgment is affirmed.

AHRENS, P.J., and CRANDALL, J., concur.