Robert J. SCHINDLER and William A. Schindler, Appellants,

v.

Patrick W. McCLUSKEY and Anne M. Pepple, as Trustees, Respondents.

No. ED 79248.

Missouri Court of Appeals, Eastern District, Division Three.

Oct. 2, 2001.

Craig A. Smith, Suelthaus & Walsh, P.C., St. Louis, MO, for appellants.

Jack B. Spooner, Wittner, Poger, Spewak, Maylack & Spooner, P.C., St. Louis, MO, for respondents.

RICHARD B. TEITELMAN, Judge.

Plaintiffs appeal from the court's entry of judgment in favor of Defendants in Plaintiffs' quiet title claim against Defendants, and in Defendants' deed reforma-

tion/quiet title counterclaim against Plaintiffs. We reverse and remand.

### Factual and Procedural Background

Plaintiffs are alleged heirs of two sisters who died intestate and who owned a multi-unit apartment building ("the Property") at the time of their deaths. Defendants are trustees of the two sisters' respective trusts.

Plaintiffs filed a quiet title action against Defendants, claiming that as heirs of the two sisters they had a partial ownership interest in the Property. Defendants then filed a counteraction against Plaintiffs, which sought reformation of a defective 1986 real estate deed by which the two sisters had allegedly attempted to transfer their individual ownership interest in the Property to their respective trusts. Defendants' requested relief, if granted, would defeat Plaintiffs' claims of ownership in the Property.

The two causes of action were consolidated. Plaintiffs filed a motion to dismiss Defendants' claims, asserting that the deed reformation sought by Defendants was barred by a ten-year statute of limitations. With the court's permission Plaintiffs subsequently withdrew their motion to dismiss and filed in lieu thereof a motion for summary judgment, which again was based primarily on statute of limitations.

On November 21, 2000, the trial court entered a judgment on the merits for Defendants, which denied Plaintiffs' claims for relief and granted all the relief requested by Defendants. The judgment did not address the issues raised in Plaintiffs' motion for summary judgment. The judgment found that there had been a mutual mistake with regard to the 1986 deed; that the sisters had in fact actually intended to convey the Property to their trusts; and that on that basis Defendants were entitled to the equitable remedy of deed reformation. At the time the court entered this judgment, (a) Defendants had filed no dispositive motion in the case, (b) Defendants had not filed any response in opposition to Plaintiffs' summary judgment motion, and (c) there had been no evidentiary hearing in the case. This appeal follows.

### Discussion

■ Plaintiffs raise three points on appeal. In their first point, Plaintiffs contend the trial court erred in ordering the 1986 deed to be reformed because there was no evidence in the record to support the court's judgment. We agree.

The record on appeal shows that the court's judgment was entered without any evidence or factual record on which to base the judgment. Although the court's judgment refers to a "hearing" which was held on August 14, 2000 concerning Plaintiffs' then-pending motion to dismiss Defendants' claims on statute of limitations grounds, no witnesses were sworn, no testimony was given, and no evidentiary documents were entered into evidence at that hearing. It further is clear from the language of the court's judgment, wherein the court made certain factual findings regarding the alleged intent of the two decedent sisters at the time of the 1986 deed and the existence of an alleged "mutual mistake" concerning that deed, that these factual findings were based solely on the allegations contained in Defendants' petition and the exhibits attached thereto. The court's judgment adopted as "fact" multiple allegations found nowhere else in the record except Defendants' petition.

■ The trial court's ruling thus deprived Plaintiffs of the right to have their claims determined on the basis of evidence. With the exception of dismissals as a matter of law, consent judgments or

defaults, a judgment must be based on some legally adduced evidence. See 49 C.J.S. *Judgments*, section 48 (1997). Pleadings are not self-proving. *AJM Packaging Corp. v. Crossland Construction Co., Inc.*, 962 S.W.2d 906, 910 (Mo. App. S.D.1998); *Cox v. Crider*, 721 S.W.2d 220, 225 (Mo.App. S.D.1986). Since Plaintiffs specifically denied them in their answer, the allegations contained in Defendants' petition had no evidentiary value. Generally, when there is no evidence to support a judgment, the judgment must be reversed and remanded for the development of a proper evidentiary record. *Swallows v. Holden*, 723 S.W.2d 576, 578 (Mo.App. S.D.1987). Such is the case here. Point I is granted.

In their second and third points on appeal, Plaintiffs argue that the trial court should have entered judgment for them as a matter of law because (1) Defendants lacked standing in equity as they had an adequate legal remedy, and (2) Defendants' deed reformation claim is time-barred by the statute of limitations. We decline to address the merits of these points because both issues, (including the possible applicability of an exception to the general statute of limitations in such cases), are at least in part fact-dependent, and thus cannot be determined in the absence of a proper evidentiary record developed through either a summary judgment proceeding or trial.

The cause is reversed and remanded for further proceedings not inconsistent with this opinion.

GARY M. GAERTNER, SR., J. and CLIFFORD H. AHRENS, J., concur.