Randy EPPERSON and David Epperson d/b/a Jordan Home Tek Roofing and Construction, Appellants,

v.

Allen EISE, Respondent.

No. ED 85012.

Missouri Court of Appeals, Eastern District, Division Four.

July 12, 2005.

Bruce R. Bartlett, Maryland Heights, MO, for appellants.

Steven E. Spoeneman, St. Louis, MO, for respondent.

LAWRENCE E. MOONEY, Presiding Judge.

Randy and David Epperson, who engaged in business as Jordan's Home–Tek Roofing and Construction, appeal the trial court's denial of their motions to set aside the judgments entered against them. Because the trial court's judgments were not default judgments, but rather judgments on the merits that were entered without evidence of the Eppersons' liability being adduced, we reverse and remand.

The history of this litigation need not be recounted in detail. The Eppersons sued Allen Eise seeking damages for breach of contract arising from their roofing of Eise's home. Eise counterclaimed alleging numerous counts, including a violation of Missouri's Merchandising Practice Act. Both the Eppersons and Eise filed answers denying the claims lodged against them. The Eppersons then filed an amended petition,[1] and Eise filed an amended counterclaim, adding additional counts and naming Bruce Bartlett, the Eppersons' attorney, as a counterclaim defendant. The Eppersons and Eise each then filed motions to dismiss the claims against them.

Trial was scheduled for June 14, 2004. Twelve days prior to this date, the Eppersons and Eise filed a joint motion for continuance of the trial because, as stated in the motion, the Eppersons had obtained new counsel and because attorney Bartlett needed to have counsel enter on his behalf.[2] This motion was never called for hearing, or ruled on by the trial court. The cause was called for trial on the appointed trial date. Eise's attorney ap-

---

1. The Eppersons' petition was amended, in part, to add Randy Epperson as a party plaintiff, in addition to David Epperson, doing business as Jordan's Home–Tek Roofing & Construction.

2. This motion was filed by Eise's attorney and an attorney Blanchard on behalf of the Eppersons. Attorney Blanchard allegedly had been contacted and brought into the case by Mr. Bartlett, though he never formally entered his appearance.

peared, but neither the Eppersons, nor attorney Bartlett, nor anyone on their behalf, appeared. Eise's attorney dismissed the counterclaim against attorney Bartlett without prejudice. The court dismissed with prejudice the Eppersons' petition for failure to prosecute because neither they nor anyone on their behalf had appeared or contacted the court and because the Eppersons had previously dismissed their case without prejudice.[3] Further, the trial court also entered a judgment granting a "default and inquiry" on all counts of Eise's counterclaims, with evidence of damages to be adduced two days hence.

In the intervening day, the Eppersons' attorney learned of the court's orders and filed a motion to set aside the "default," which the court denied. On June 16th, evidence of damages was adduced and on July 8, 2004, the court entered its judgment against the Eppersons for damages and attorneys' fees for violation of Missouri's Merchandising Practices Act. As to the remaining counts Eise had filed against the Eppersons, the trial court found no additional damages. The Eppersons moved to set aside the court's July 8th judgment, which the trial court also denied. The Eppersons appeal.

On appeal the Eppersons claim that the trial court erred in refusing to set aside the interlocutory and final "default" judgments and in its assessment of damages. We need only consider the trial court's entry of its two judgments, as it is dispositive of the appeal.

▮ Although the underlying judgments are characterized as default judgments, they are not, but rather, they are judgments on the merits. As held by our Supreme Court, "[t]he rule continues to be that where a party ... files a petition, then files an answer to a cross-petition, but

fails to appear for trial, the judgment is not a default judgment, but, rather, it is a judgment on the merits." *Cotleur v. Danziger,* 870 S.W.2d 234, 237 (Mo. banc 1994). Here, the Eppersons filed a petition, answered the initial counterclaim, and, after the amended counterclaim was filed, moved to dismiss the action against them. This motion to dismiss was still pending at the time of the trial date. Under these circumstances, the judgments entered against the Eppersons are not default judgments but, rather, are judgments on the merits. *See Id.; see also, Wilson v. Wilson,* 925 S.W.2d 218, 219 (Mo.App. E.D.1996).

▮ As judgments on the merits, the trial court's judgments in this case cannot stand. It is well established that, as a general rule, a judgment must be supported by legally adduced evidence. *Schindler v. McCluskey,* 58 S.W.3d 48, 50 (Mo.App. E.D.2001) *citing* 49 C.J.S. *Judgments* § 48 (1997). Pleadings are not self-proving. *Schindler,* 58 S.W.3d at 50. When there is no evidence to support a judgment, the judgment must be reversed and remanded. *Id. citing Swallows v. Holden,* 723 S.W.2d 576, 578 (Mo.App. S.D. 1987). Such is the case here. The court entered judgment against the Eppersons for violation of Missouri's Merchandising Practices Act without any evidence of their liability being adduced. Eise and the trial court apparently assumed that an order of "default and inquiry" was sufficient to establish the liability of the Eppersons. It is not. Eise needed to adduce evidence of the Eppersons' violation of the act and this was not done. Because there is no evidence of the Eppersons' liability to support the court's judgments, the judgments cannot stand.

3. The Eppersons do not contest the dismissal of their petition in their appeal.

In conclusion, because the judgments were judgments on the merits that were entered without any evidence of the Eppersons' liability to support the court's judgments, the judgments cannot stand. Therefore, the denial of the Eppersons' motions to set aside is reversed and the court's judgments against the Eppersons on Eise's counterclaims are set aside.[4] The cause is remanded for further proceedings consistent with this opinion.

LAWRENCE G. CRAHAN and MARY K. HOFF, JJ., concur.

4. As the Eppersons did not contest the dismissal of their petition in their appeal, that portion of the court's judgment is not set aside.