**BRECKENRIDGE MATERIAL COMPANY, Plaintiff/Respondent,**

v.

**Stanley ENLOE and Tammy Enloe, d/b/a Precision Concrete, Defendants/Appellants.**

**No. ED 86488.**

Missouri Court of Appeals,
Eastern District,
Division Four.

June 30, 2006.

Daniel L. Goldberg, St. Charles, MO, for appellant.

Floyd Terral Norrick, Robert W. Bilbrey—co-counsel, Hillsboro, MO, for respondent.

SHERRI B. SULLIVAN, J.

*Introduction*

Stanley and Tammy Enloe d/b/a Precision Concrete (Appellants) appeal from the trial court's order refusing to set aside an amended judgment in favor of Breckenridge Material Company. (Respondent).

*Factual and Procedural Background*

On November 19, 2003, Respondent filed a petition against Appellants alleging that they had failed to pay for construction materials and services that Respondent had provided to them. On January 15, 2004, Appellants, through their attorney, E. Darrell Davis (Davis), filed an answer to the petition. On September 15, 2004, Respondent filed a request for trial. On October 8, 2004, Davis filed a motion to withdraw from the case. In a letter dated October 19, 2004, Davis informed Appellants that the trial court had granted his motion to withdraw from their case on October 15, 2004, and also wrote:

> There are no court dates scheduled, no discovery is outstanding and no Motions have been filed which need to be heard. There is a request by Breckenridge for a trial setting, which I anticipate the court will grant and set the matter for trial sometime in November, December or January. You should immediately notify the court of your current addresses in order that you will be notified of any trial setting or other matter.

On October 22, 2004, the trial court ordered the matter set for a bench trial on

January 13, 2005. The record indicates that notice of the trial setting was sent to James Mattingly (Mattingly), Respondent's attorney, but not to Appellants. On January 13, 2005, the court held a bench trial. Respondent appeared; Appellants did not. On January 14, 2005, the trial court entered a "Default Judgment"[1] in favor of Respondent and against Appellants on the petition's breach of contract claim, awarding Respondent $82,498.11.[2] The record indicates that notice of the judgment was sent to Respondent, but again, not to Appellants. The judgment incorrectly denominated the trial court as the Twentieth Judicial Circuit and the county as Franklin County. On January 20, 2005, the trial court amended the judgment to correctly list the county, St. Charles County, but left the circuit incorrectly denoted as the Twentieth rather than the Eleventh Judicial Circuit.

On May 13, 2005, a garnishment was issued to the sheriff of St. Charles County enabling Respondent to collect on its judgment. On May 18, 2005, Floyd Norrick (Norrick), counsel for Respondent, sent a letter to Stanley Enloe notifying him of the sheriff's sale to satisfy the judgment. The letter was addressed to Stanley d/b/a Precision Concrete at three different addresses, two in O'Fallon and one in Wentzville.

On May 24, 2005, Appellants filed a motion to set aside the judgment by default and to quash execution of the garnishment, pursuant to Rules 74.03 and 74.06(b). In affidavits attached to the motion, Appellants state that they received no notice of the trial setting or judgment entered thereon. On June 8, 2005, Respondent filed a memorandum of law in opposition to Appellants' motion to set aside the judgment. On June 10, 2005, the trial court heard the motion and took it under advisement. On June 20, 2005, the trial court denied the motion. Appellants' property was then sold at a public auction. This appeal follows.

## Points on Appeal

Appellants present three points on appeal. In their first point, they claim that the trial court erred by not setting aside the amended judgment and quashing the garnishment on their property because they did not receive notice of the trial setting, thereby violating their rights of due process. In their second point, Appellants argue that the trial court erred by not setting aside the amended judgment and quashing the garnishment on their property because they did not receive notice of the entry of the judgment, thereby causing prejudice to them. In their third point, Appellants allege that the trial court erred by not quashing the execution on their property because the amended judgment is not a final judgment.

## Standard of Review

■ The trial court is vested with broad discretion when acting on a motion to set aside a judgment. *Burris v. Terminal Railroad Ass'n*, 835 S.W.2d 535, 537–38 (Mo.App. E.D.1992). The appellate court should not interfere unless the record convincingly demonstrates an abuse of discretion. *Id.* at 538.

## Discussion

■ Since Appellants' third point involves finality of the judgment, we address

---

1. Although denoted a "Default Judgment," the judgment was actually on the merits because Appellants had filed an answer and other responsive pleadings. Rule 74.05(a).

All rule references are to Mo. R. Civ. P. 2005, unless otherwise indicated.

2. The trial court dismissed the remaining counts.

it first. Appellants allege that the trial court erred by not quashing the execution on their property because the amended judgment is not a final judgment. They contend that since Respondent's counsel left a memorandum with the court that stated the disposition of Counts I and II, but made no mention of Counts III and IV, the court's judgment that purported to dispose of all counts was not a final judgment.

■ A prerequisite to appellate review is that there be a final judgment. *Gibson v. Brewer,* 952 S.W.2d 239, 244 (Mo.banc 1997). An appealable judgment resolves all issues in a case, leaving nothing for future determination. *Id.* Although a trial court may designate its judgment final as to particular claims, this designation is effective only when the order disposes of a distinct "judicial unit," which has a settled meaning: "the final judgment on a claim, and not a ruling on some of several issues arising out of the same transaction or occurrence which does not dispose of the claim." *Id.*

In the instant case, Appellants argue that the handwritten memorandum that Respondent's attorney prepared and the trial court signed was not a final judgment because it made no reference to two of the counts. However, the handwritten memorandum, which was dated January 13, 2005, stated, "Leave of seven days is granted to file a formal judgment." The formal judgment filed January 18, 2005 found in favor of Respondent for $82,498.11 on Count I and stated that "the remaining counts are dismissed." The judgment was later amended on January 20, 2005 to correct the county name. Both the January 18, 2005 judgment and the January 20, 2005 amended judgment found in favor of Respondent on Count I and dismissed the remaining counts.

The trial court's judgment was a final appealable order, and as such, Point III is denied.

Appellants' first and second points regarding lack of notice of the trial setting and of the judgment may be combined for discussion.

■ There is no evidence in the record that Respondent made any attempt to notice Appellants with its request for trial setting. Furthermore, there is no evidence in the record that any attempt was made by the trial court to serve Appellants with notice of the order of trial setting or judgment, in accordance with Rule 74.03. The trial court had a duty to send Appellants notice of the trial setting once ordered by the trial court, as well as notice of the judgment, to their last known address.

> Immediately upon the entry of an order or judgment, the clerk *shall* serve a notice of the entry by mail in the manner provided for in Rule 43.01 upon each party who is not in default for failure to appear and who was not present in court in person or by attorney at the time of the entry of such order or judgment....

Rule 74.03. (Emphasis added.)

Rule 43.01 provides, "Each affected party shall be served with: (1) Every pleading subsequent to the original petition; (2) Every written motion, other than one that may be heard ex parte; and (3) Every written notice, appearance, demand, offer of judgment, order, and similar paper that by statute, court rule or order is required to be served." Service is shown by "acknowledgment of receipt, by affidavit or by written certificate of counsel making such service. Affidavits of service and counsel's certificates of service shall state the: (1) Name of each person served; (2) Date of service; (3) Method of service; and (4) Address of service, such as mailing ad-

dress, facsimile number or electronic mail address." Rule 43.01.

The only time service of notice is not required is when a party is in default: "No service need be made on parties in default for failure to appear, except that pleadings asserting new or additional claims for relief against them shall be served upon them in the manner provided for service of summons." *Id.* In the instant case, Appellants were not in default, as they filed an answer and other responsive pleadings to the petition. Rule 74.05(a), *Wilson v. Wilson*, 925 S.W.2d 218, 219 (Mo.App. E.D. 1996). Therefore, they were entitled to notice of the trial setting and the entered judgment. Rule 74.03.

■ There is no showing of service in the record before us. There is nothing in the record to indicate that any notice was sent to any of Appellants' three addresses contained in the court file. Unless the record establishes that the complaining party was provided notice of a trial setting, we may conclude the complaining party did not receive notice. *Irving v. Brannock*, 756 S.W.2d 585, 587 (Mo.App. W.D. 1988).

Respondent maintains that Appellants were negligent in not providing the trial court with an updated address. Whether or not Appellants were negligent in not providing the trial court with their most current address is irrelevant to the fact that no attempt was made to send notice to Appellants at all, when there were three addresses for them in the record. No attempt was made to send notice to Appellants' last known address, or to the addresses listed on Appellants' former attorney's letter.[3]

■ A judgment entered without notice to an adversely affected party who has filed responsive pleadings can be set aside as irregular and voidable, if not inherently void, under Rule 74.06(b)(3) and (4), which provide as follows:

> (b) Excusable Neglect–Fraud–Irregular, Void, or Satisfied Judgment. On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment or order for the following reasons: **(3) the judgment is irregular; (4) the judgment is void;** . . . .

(Emphasis added). *Clark v. Clark*, 926 S.W.2d 123, 128 (Mo.App. W.D.1996). See also *Kreutzer v. Kreutzer*, 147 S.W.3d 173, 176 (Mo.App. S.D.2004). This rule follows from several fundamental principles of law. *Lambert v. Holbert*, 172 S.W.3d 894, 898 (Mo.App. S.D.2005).

■ A judgment procured without complying with the notice and service requirements of the rules of civil procedure is irregular by definition. *Lambert*, 172 S.W.3d at 897. An irregular judgment is one rendered contrary to a proper result, i.e., it is materially contrary to established forms and modes of procedure for the orderly administration of justice. *In re Marriage of Dooley*, 15 S.W.3d 747, 753 (Mo.App. S.D.2000). In the instant case, the amended judgment states that Appellants "fail to appear, *despite being duly noticed*, and are found in default," even though they were not duly noticed of the trial setting.

Furthermore, the amended judgment itself was entered but notice was not sent to Appellants. As such, the amended judgment was procured and rendered contrary

---

**3.** It is ironic that Respondent, in blaming Appellants for their failure to receive notice, so heavily relies on this letter's language advising Appellants to keep the court informed of changes in their address, while the letter itself contains two viable addresses for Appellants to which no one bothered to mail notice.

to established forms and modes of procedure for the orderly administration of justice, and henceforth is irregular.

■ It is important to reiterate that even though the amended judgment in this case was denominated a default judgment, Appellants were not in default because, as noted earlier, they filed an answer and other responsive pleadings. Rule 74.05(a), *Wilson*, 925 S.W.2d at 219. It is the failure to file a responsive pleading that causes a party to be in default, not the party's failure to appear for trial. *Cramer v. Carver*, 125 S.W.3d 373, 376 (Mo.App. W.D.2004). Constitutional due process requires that for a judgment entered against a party not in default to be valid, there must have been notice of the trial setting and an opportunity to be heard must have been granted at a meaningful time and in a meaningful manner. *Eastin v. Franklin*, 806 S.W.2d 57, 62–63 (Mo.App. S.D.1991), *Irving*, 756 S.W.2d at 586–87.

■ A party not in default who does not receive formal written notice of trial setting is entitled to a new trial, *Eastin*, 806 S.W.2d at 62–63, or to have a judgment entered against him set aside. *Tinsley v. Gosnell*, 873 S.W.2d 943, 945 (Mo.App. E.D.1994); *Fields v. Gibson*, 840 S.W.2d 884, 886–87 (Mo.App. W.D.1992).[4]

Respondent cites *Buford v. Ray*, 950 S.W.2d 666 (Mo.App. E.D.1997), and *Walsh v. Walsh*, 652 S.W.2d 274 (Mo.App. E.D.1983), in support of the trial court's refusal to set aside the amended judgment. However, these cases are inapposite to the factual situation *sub judice*, because the trial court in these cases sent notice to the defendants, whereas in our case, the trial

court did not. In *Buford*, 950 S.W.2d at 667, the trial court refused to set aside the judgment, however, several notices of the trial setting had been sent to the defendant. They were returned "addressee unknown." We noted in *Buford*, citing *Walsh*, 652 S.W.2d at 275, that, "The record should establish that the parties were provided notice of the trial setting or that the address of a party is unknown and cannot be notified." *Buford*, 950 S.W.2d at 667.

The record before us does not establish that Appellants had actual notice of the trial setting or that there existed notice reasonably calculated, under the circumstances, to apprise them of the pendency of the action. Compounding this irregularity is the lack of due notice to Appellants of the entry of judgment against them. As such, we find that the trial court abused its discretion in failing to set aside the amended judgment. Points I and II are granted.

The amended judgment of the trial court is reversed and remanded for proceedings consistent with this opinion.

NANNETTE A. BAKER, P.J., and ROBERT G. DOWD, JR., J., concur.

---

4. Other cases have held that the failure to give adequate notice results in a violation of that person's due process rights. *Cody v. Old Republic Title Co.*, 156 S.W.3d 782, 784 (Mo. App. E.D.2004). A violation of a litigant's due process rights results in a void judgment. *Baxi v. United Technologies Automotive*, 122 S.W.3d 92, 96 (Mo.App. E.D.2003).