

# Missouri Court of Appeals

## Southern District

### In Division

IN THE INTEREST OF M.M.B., )
Reynolds County Juvenile Office, )
)
            Respondent, )
) No. SD37865
    vs. )
) FILED: October 17, 2023
S.D.B., )
)
            Appellant. )

### APPEAL FROM THE CIRCUIT COURT OF REYNOLDS COUNTY

Honorable Benjamin E. Thompson, Judge

## **REVERSED AND REMANDED WITH INSTRUCTIONS**

S.D.B. ("Father") appeals from the circuit court's judgment denying his motion to set aside the judgment terminating his parental rights over his child, M.M.B. ("Child"). In the first of four points, Father contends that his due process rights were violated because he received insufficient notice of the termination trial date, thereby rendering the resulting judgment "irregular" and "void" under Rule 74.06(b).[1] Because we (and all the parties) agree the record contains insufficient notice to Father of the termination trial date, we reverse the denial of Father's Rule 74.06(b) motion, do not reach Father's remaining points, and remand the case with instructions.

---

[1] All rule references are to Missouri Court Rules (2021).

We begin by noting the parties raised some dispute in their briefs concerning this Court's authority to consider this appeal. However, at oral argument, the Reynolds County Juvenile Office ("the Juvenile Office") conceded that such authority exists. The judgment terminating Father's parental rights was entered on July 29, 2021, there was no timely after-trial motion filed, and, therefore, the judgment became final thirty days after its entry. *See* Rule 81.05(a)(1). On June 24, 2022, Father filed a motion seeking relief on various grounds, including under Rule 74.06(b). On December 5, 2022, the circuit court issued a judgment denying Father's Rule 74.06(b) motion. It is this judgment, not the underlying termination judgment, that Father is appealing.

"[A] Rule 74.06(b) motion filed after a judgment becomes final is an independent action requiring the [circuit] court to enter a separate judgment." *McCullough v. Commerce Bank, N.A.*, 368 S.W.3d 296, 300 (Mo.App. 2012); *see also* Rule 74.06(c) (stating that a Rule 74.06(b) motion "does not affect the finality of a judgment or suspend its operation"); Rule 74.06(d) (stating that the circuit court may "entertain an independent action to relieve a party from a judgment"). The only time limit for such a motion is that "[t]he motion shall be made within a reasonable time and for reasons (1) and (2) and (3) of subdivision (b) not more than one year after the judgment or order was entered." Rule 74.06(c). Father's Rule 74.06(b) motion, therefore, did not run afoul of any applicable time limit, and he timely appeals the circuit court's denial of same.

We, therefore, turn to and address Father's contention that the circuit court erred in denying his Rule 74.06(b) motion because he was never notified of the termination trial date. Because of this defect, Father argues that the termination judgment should be set aside because it

is both irregular and void. *See* Rule 74.06(b)(3)-(4).[2] "An 'irregular' judgment 'is one achieved in a manner materially contrary to the law's established procedures for the orderly administration of justice.'" *Interest of B.K.B.*, 655 S.W.3d 16, 23 (Mo.App. 2022) (quoting *Lambert v. Holbert*, 172 S.W.3d 894, 898 (Mo.App. 2005)). "A judgment is 'void' under this rule only if the court that rendered it lacked personal or subject matter jurisdiction or acted in a manner inconsistent with due process of law." *Forsyth Financial Group, LLC v. Hayes*, 351 S.W.3d 738, 740 (Mo.App. 2011).

Here, following a hearing at which evidence was presented, the circuit court denied Movant any relief on his Rule 74.06(b) motion. "We ordinarily review the denial of a Rule 74.06(b) motion for abuse of discretion." *New LLC v. Bauer*, 586 S.W.3d 889, 894 (Mo.App. 2019). "However, whether a judgment should be vacated because it is void is a question of law that we review *de novo*." *Id.* at 895.

At the hearing on his motion, Father testified that he was unaware of the termination proceedings or resulting judgment until he learned of such in June of 2022 from a coworker. The circuit court found, however, that Deputy Charles Weaver had served Father with a petition on April 12, 2021; Father acknowledged service of a petition at a hearing in the termination matter occurring three days after said service; and the court informed Father at that hearing that a

---

[2] The Juvenile Office notes in its brief that Father's Rule 74.06(b) motion alleged only that the termination judgment should be set aside under Rule 74.06(b)(1) (providing relief for "mistake, inadvertence, surprise, or excusable neglect") and Rule 74.06(b)(2) (providing relief for "fraud (whether heretofore denominated intrinsic or extrinsic)") and, therefore, the allegation the termination judgment should be set aside under 74.06(b)(3) as irregular is raised for the first time on appeal. That Father is relying for the first time on subsection (3) of Rule 74.06(b), however, is immaterial. The only requirements for a pleading setting forth a claim for relief are "(1) a short and plain statement of the *facts* showing that the pleader is entitled to relief and (2) a demand for judgment for the relief to which the pleader claims to be entitled." Rule 55.05 (emphasis added). On appeal, Father alleges that he was deprived of notice of circuit court filings and proceedings and, as the Juvenile Office concedes, he previously alleged these same *facts* in his Rule 74.06(b) motion. Moreover, "[l]itigants can request relief from a void judgment pursuant to [subsection (4) of] Rule 74.06(b) at any time." *S.L.C. v. M.M.*, 641 S.W.3d 406, 409 n.5 (Mo.App. 2022) (internal quotation marks omitted).

3

termination trial would be scheduled at a hearing on May 12, 2021. In light of these findings, the circuit court concluded Father's claims were not credible and there was no basis to set aside the termination judgment. This ruling was erroneous.

At the hearing on May 12, 2021, the circuit court ordered the termination trial set for July 14, 2021. The record reflects that Father neither attended this scheduling hearing nor the termination trial that took place on the date originally ordered. The record further reflects that Father did not retain and did not request the appointment of counsel to appear in court on his behalf. The record reflects Father did not receive notice of the July 14, 2021, termination trial. At oral argument, both parties attested they knew of nothing in the record suggesting that such service had occurred. The absence of such a record is dispositive.

As is required under our rules:

> Immediately upon the entry of an order or judgment, the clerk *shall* serve a notice of the entry by mail in the manner provided for in Rule 43.01 upon each party who is not in default for failure to appear and who was not present in court in person or by attorney at the time of the entry of such order or judgment.

Rule 74.03 (emphasis added); *see also* Rule 43.01(a)(3) (requiring each party be served with "[e]very written notice, appearance, demand, offer of judgment, order, and similar paper that by statute, court rule, or order is required to be served"); ***Breckenridge Material Co. v. Enloe***, 194 S.W.3d 915, 919-20 (Mo.App. 2006) (holding that a circuit court has a duty under Rule 74.03 to send notice of the trial setting once ordered when a party is not in default as does not appear).

Here, Father was not in default (nor could he be).[3] And, as already discussed, the record does *not* reflect Father received notice of the termination trial date. "Unless the record

---

[3] "It is the failure to file a responsive pleading that causes a party to be in default, not the party's failure to appear for trial." ***Breckenridge***, 194 S.W.3d at 921. However, under Rule 113.03, which applies to juvenile cases, "[n]o party is required to file a responsive pleading." "Specific averments in a pleading to which no responsive pleading is required shall be taken as denied." Rule 55.09; *see also **B.K.B.***, 655 S.W.3d at 23 (noting that "[b]ecause Mother was not required to file a response to the Juvenile Officer's petition for termination of her parental rights, the allegations of the petition were 'taken as denied,' and Mother could not be held in default").

4

establishes that the complaining party was provided notice of a trial setting, *we may conclude the complaining party did not receive notice*." ***Breckenridge***, 194 S.W.3d at 920 (emphasis added).

A judgment entered without required notice to an adversely affected party can be set aside under Rule 74.06(b)(3) and (4). ***Id.*** "A judgment procured without complying with the notice and service requirements of the rules of civil procedure is irregular by definition," ***Lambert***, 172 S.W.3d at 898, and "void" because the failure to provide such notice violates the right to due process, ***S.L.C. v. M.M.***, 641 S.W.3d 406, 410-11 (Mo.App. 2022).

We have recently held on similar grounds that the failure to notify parents of a termination trial date warrants vacating the resulting termination judgment. *See **Interest of W.J.J.W.***, 672 S.W.3d 258 (Mo.App. 2023), and ***Interest of W.J.J.W.***, 2023 WL 4571992 (Mo.App. July 18, 2023). Because the instant appeal is from a judgment denying a Rule 74.06(b) motion (rather than a direct appeal from a termination judgment as with ***W.J.J.W.***), we reverse the denial of Father's Rule 74.06(b) motion and remand the case with instructions to grant the requested relief of setting aside the termination judgment and for further proceedings consistent with this opinion. *See **New LLC***, 586 S.W.3d at 900.


BECKY J.W. BORTHWICK, J. – OPINION AUTHOR

JEFFREY W. BATES, J. – CONCURS

JACK A. L. GOODMAN, C.J. – CONCURS