GREASEL CONVERSIONS, INC. and Charles G. Anderson, Plaintiffs–Appellants,

v.

James P. MASSA, James P. Massa, d/b/a James P. Massa, LLC, and Massa Green Enterprises, LLP, Defendants–Respondents.

No. SD 32119.

Missouri Court of Appeals, Southern District, Division Two.

April 30, 2013.

Christopher M. Towns of Springfield, MO, for Appellants.

Brett W. Roubal and Matt Cologna of Springfield, MO, for Respondent.

JEFFREY W. BATES, J.

Plaintiffs Greasel Conversions, Inc., and Charles Anderson (collectively referred to as Appellants) appeal from a judgment that set aside an earlier judgment filed on March 15, 2012 (the March 15 judgment). The March 15th judgment was entered against three defendants: James Massa (Massa), individually; James P. Massa, LLC, of which Massa was the sole shareholder; and Massa Green Enterprises, LLP (MGE), of which Massa was a managing partner (collectively referred to as Respondents).[1] Appellants contend the trial court erred in setting aside the March 15th judgment because the court erroneously relied on the ground of excusable neglect pursuant to Rule 74.06.[2] Because

---

1. The judgment appealed from below incorrectly designates Massa Green Enterprises as an "LLLP" instead of an "LLP." We have used the correct designation on appeal.

2. All references to rules are to Missouri Court

the court actually relied on another ground—that Respondents' lack of notice of the March 15th hearing rendered the resulting judgment irregular—we affirm.

## I. Standard of Review

"The trial court is vested with broad discretion when acting on a motion to set aside a judgment." *Breckenridge Material Co. v. Enloe,* 194 S.W.3d 915, 918 (Mo.App.2006). This Court should not interfere unless the record convincingly demonstrates an abuse of discretion. *Id.* "Judicial discretion is abused only when that ruling was clearly against the logic of the circumstances then before the trial court and is so arbitrary and unreasonable as to shock the sense of justice and indicate a lack of careful consideration." *Nervig v. Workman,* 285 S.W.3d 335, 338 (Mo. App.2009); *Lambert v. Holbert,* 172 S.W.3d 894, 895 (Mo.App.2005). Further, the discretion not to set aside is a good deal narrower than the discretion to set aside, and thus "an appellate court is more likely to interfere with the trial court's decision when the motion to set aside the judgment has been denied." *McClure v. Wingo,* 886 S.W.2d 141, 143 (Mo.App. 1994).

## II. Factual and Procedural Background

Appellants own and operate a business based in Springfield, Missouri, that converts diesel fuel engines to run on recycled waste vegetable oil. Massa is a retired business executive from Washington D.C. In 2007, Massa operated as a dealer of Appellants' products through MGE in the D.C. area. He was later hired by Appellants to assist them in managing their business.

In March 2009, Appellants filed a seventeen-count petition against Respondents, alleging contract and tort claims including, *inter alia,* allegations of fraud, conversion, and breach of fiduciary duty. Appellants sought to recover actual and punitive damages from Respondents. In April 2009, Respondents filed a motion to dismiss, which was denied, and a motion for a more definite statement, which was granted. In August 2009, Appellants filed an amended petition, followed again by Respondents' motions to dismiss and for a more definite statement. Little activity took place in 2010. In July 2011, Respondents filed counterclaims against Appellants and sent them Respondents' first requests for production. In August 2011, Appellants responded to the production request, filed motions for a "default" judgment and to dismiss Respondents' counterclaims and sent Appellants' first request for production to Respondents.

At a motion hearing in September 2011, Appellants were granted leave to file a second amended petition. The docket entry for that hearing also indicates that Appellants' pending motion for "default" judgment was denied as moot. Around that same time, Respondents' counsel moved to withdraw. By the end of September 2011, counsel was granted leave to do so. Thereafter, Respondents proceeded *pro se.*

In October 2011, Appellants filed their second amended petition. It does not appear from the record that Respondents filed an answer to the second amended petition. Appellants also filed a motion to compel Respondents to respond to Appellants' first request for production. Specifically, Appellants asked Respondents to produce a "portable laptop computer system referenced in paragraph 109 of [Appellants'] Amended Petition, with its data"

Rules (2012).

(the laptop). At a hearing held on October 31, 2011, Appellants' motion to compel was granted, and Respondent was given 60 days to respond. At that same hearing, Respondents requested mediation, which was granted and scheduled for January 31, 2012.

On December 27, 2011, Respondents responded to the discovery request by submitting a copy of a disk containing all files, pictures, documents and e-mails found on the laptop. Respondents disputed that Appellants owned the laptop and offered to make it available for inspection by Appellants at the court-ordered mediation.

On January 9, 2012, Appellants filed a motion for sanctions which alleged that Respondents' response to the discovery request was inadequate.[3] A hearing on the motion was set for January 19th. On January 18th, Respondents faxed a letter to the court. The letter stated that notice of the hearing date had just been received and that Massa was unable to attend the hearing because he was traveling. Respondents' letter requested that all matters pending be taken up after the January 31st mediation.

On January 19th, the hearing on Appellants' motion for sanctions was held as scheduled. At that hearing, the court: (1) determined that Respondents' discovery responses were inadequate; (2) granted Appellants' motion for sanctions; (3) struck Respondents' responsive pleadings; and (4) ordered Massa to return the laptop to Appellants. Although the record does not include a transcript of the January 19th proceedings, Appellants apparently moved for a "default" judgment because the court scheduled a hearing for that purpose on March 15, 2012. As Appellants correctly state in their brief, "[t]he record reflects no notice of hearing served upon Respondents for the March 15, 2012 hearing."

On January 27th, Appellants filed a second request for production. The January 31st mediation was rescheduled to March 23, 2012.

On March 6th, Respondents responded to Appellants' second request for production. According to that day's docket entry, Respondents also scheduled a hearing on March 22, 2012 to address an earlier request by Respondents to dismiss Massa, and James P. Massa, LLC, from the lawsuit.

On March 14th, Appellants filed a motion for contempt and to shorten the time for the hearing from March 22nd to March 20th. Unlike notice of the March 15th hearing, notice of the March 20th hearing was sent to and received by Respondents. On March 19th, Massa emailed the court another letter. The letter stated that: (1) Massa had just received the notice of the hearing scheduled for the next day; (2) he was in Virginia; and (3) he could not appear in court on such short notice. He requested that all matters be addressed after the mediation scheduled for March 23rd. Massa also sent a formal response opposing Appellants' motions for contempt and to shorten time.

On March 15th, the hearing on Appellants' motion for "default" judgment was held as scheduled. Respondents did not appear. At the onset of the hearing, the court made "an interlocutory order that [Respondents were] in default and a judgment will be entered in favor of [Appellants] and against [Respondents]."[4]

---

**3.** This motion sought sanctions against Respondents pursuant to Rule 61.01 for failure to make discovery. The motion was not based upon Respondents' failure to file an answer to the second amended petition.

**4.** The trial court's reference to Respondents being in default was based upon the court's

Based on testimony from Charles Anderson concerning damages, the court ordered Respondents to pay $383,797 in compensatory damages and $500,000 in punitive damages. Massa also was ordered to return the laptop. The March 15th judgment was entered the same day and denominated a "Default Judgment."

On March 20th, Massa called the court to make sure his filings responding to Appellants' motions for contempt and to shorten time had been received. He was told that the documents had been received, but they would be placed in the "closed file" because a judgment had been entered against Respondents on March 15th.

On April 16th, Respondents' newly-obtained counsel filed a motion to set aside the default judgment pursuant to Rule 74.05, or, in the alternative, for relief from the judgment pursuant to Rule 74.06. A hearing on the motion was held on May 10, 2012. When the trial court asked Appellants' counsel whether he knew Respondents got actual notice of the March 15th hearing, counsel responded, "I doubt that he was mailed anything, any kind of a notice."

After taking the matter under advisement, the court entered a "Conditional Order Setting Aside Judgment." The court granted Respondents' motion to set aside the March 15th judgment, provided Respondents complied by May 18th with two conditions: (1) Respondents had to pay Appellants $7,500 as reasonable attorney's fees incurred because of Respondents' conduct; and (2) Respondents had to deliver to Appellants the laptop with the software and data intact. The parties were instructed to advise the court whether these conditions had been met by May 21st.

On May 23rd, the court found that the conditions had been substantially met and entered an order setting set aside the March 15th judgment for the following reason:

> Upon careful review of the record, the Court was unable to verify [Respondents] were ever given notice of the March 15, 2012, hearing, either by the Court or by [Appellants'] counsel. [Respondents] were entitled to notice of that hearing, and [their] actions in response to [Appellants'] motions filed on March 14, 2012, to which notice was given for March 20, 2012, persuaded the Court that [Respondents] did not have actual notice of the March 15, 2012, hearing.

At Appellants' request, the order was denominated as a judgment. This appeal followed.

### III. Discussion and Decision

#### Point I

 Appellants' first point contends the March 15th judgment was on the merits and could not be set aside pursuant to Rule 74.05(d). Respondents concede, and we agree, that the March 15th judgment was rendered after a trial on the merits and was not a default judgment. For the reasons that follow, however, this does not entitle Appellants to relief.

 After this lawsuit was filed, Respondents entered their appearance and filed motions to dismiss the initial and first amended petition. Therefore, they were not in default for failure to appear. *See* Rule 43.01; Rule 74.05(a). Appellants sought sanctions pursuant to Rule 61.01 based only upon Respondents' alleged discovery violations. That motion was not

---

act of striking Respondents' pleadings, as a Rule 61.01 sanction, at the prior hearing held on January 19th. It is clear that the court

was not stating that Respondents were in default for failure to plead or otherwise defend as provided in Rule 74.05(a)–(b).

based on Respondents' failure to timely file an answer or otherwise respond to Appellants' second amended petition. *See* Rule 55.25; Rule 74.05(a)–(b). "Even when an answer is required but not filed, if a cause is tried as if an answer had been filed, on appeal the matter is treated as if an answer traversing the allegations of the petition was filed." *Mahurin v. St. Luke's Hosp. of Kansas City,* 809 S.W.2d 418, 421 (Mo.App.1991). "This is not to say that the filing of an answer is not required; it is to say that enforcement of the requirement of an answer is waived unless the opposing party invokes its enforcement by timely and proper action." *Id.* Because Appellants did not invoke enforcement by timely and proper action with respect to Respondents' failure to answer the second amended petition, Appellants waived that pleading deficiency.

■■■ The March 15th judgment was entered only after the trial court struck Respondents' pleadings as a sanction pursuant to Rule 61.01. "A judgment entered pursuant to pleadings struck under Rule 61.01 is a judgment based on sanctions, not a true default judgment (in which no answer was filed)." *Davis v. Chatter, Inc.,* 270 S.W.3d 471, 481 (Mo.App.2008). Therefore, the March 15th judgment was on the merits. *See Treetop Village Property Owners Ass'n v. Miller,* 139 S.W.3d 595, 599–600 (Mo.App.2004); *DuPont v. Bluestein,* 994 S.W.2d 96, 97 (Mo.App. 1999). "Rule 74.05 is inapplicable where a trial court strikes a party's pleadings and enters judgment as a sanction for the party's failure to comply with a discovery order." *Lindsey v. Lindsey,* 336 S.W.3d 487, 492 (Mo.App.2011); *DuPont,* 994 S.W.2d at 97. "The default rule does not apply because the judgment does not come by default in the ordinary sense, but is a judgment upon a trial by the court." *DuPont,* 994 S.W.2d at 97; *see The Bank v.*

*Lessley,* 240 S.W.3d 739, 742 (Mo.App. 2007). Therefore, Rule 74.05(d) does not provide a mechanism to set aside the March 15th judgment.

Although Appellants agree that the March 15th judgment was entered after a trial on the merits, they nonetheless contend that Respondents were not entitled to notice of the March 15th trial setting. We disagree. In relevant part, Rule 43.01 states:

> **Service of Pleadings and Other Papers**
> **(a) Service—When Required.** Each party shall be served with:
>
> . . .
>
> (3) Every written notice, appearance, demand, offer of judgment, order, and similar paper that by statute, court rule, or order is required to be served.
>
> No service need be made on parties in default for failure to appear, except that pleadings asserting new or additional claims for relief against them shall be served upon them in the manner provided for service of summons.

Rule 43.01(a)(3). As noted above, Respondents entered their appearance, filed motions to dismiss and for a more definite statement, and were therefore not in default for failure to appear. A trial court is required to provide notice of the entry of an order or a judgment under the following circumstances:

> Immediately upon the entry of an order or judgment, the clerk shall serve a notice of the entry by mail in the manner provided for in Rule 43.01 upon each party who is not in default for failure to appear and who was not present in court in person or by attorney at the time of the entry of such order or judgment. If such notice is not given, the order or judgment shall be set aside for good cause shown upon written motion filed within six months from the entry of the order or judgment. This Rule 74.03

shall not preclude relief under Rule 74.06.

Rule 74.03. Because Respondents were not in default for failure to appear and also were not present in court on January 19th either in person or by attorney, the trial court was obligated to provide Respondents with notice that their pleadings had been struck and that the case had been set for trial on March 15th. *See Midwest Grain and Barge Co. v. Poeppelmeyer*, 295 S.W.3d 211, 215 (Mo.App.2009) (although a trial court has the power to enter a judgment against a party as a sanction, the court must exercise that power in a manner that affords the party due process); *Breckenridge Material Co. v. Enloe*, 194 S.W.3d 915, 919–20 (Mo.App.2006) (because the defendants responded to the petition, they were not in default and were entitled to notice of the trial setting). The trial court did not do so, and Appellants agree that they did not provide Respondents with notice of the trial setting. As Rule 74.03 states, Respondents were entitled to seek relief from the March 15th judgment pursuant to Rule 74.06.

In sum, it appears from the record that: (1) the trial court relied upon Rule 61.01, rather than Rule 74.05(b), in entering the interlocutory order of default and March 15th judgment; and (2) consequently, the trial court did not rely upon Rule 74.05(d) in granting Respondents' motion to set aside the March 15th judgment. Point I is denied.

### Point II

■ Appellants' second point contends the trial court erred by setting aside the March 15th judgment pursuant to Rule 74.06. In relevant part, that rule states:

On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment or order for the following reasons:

(1) mistake, inadvertence, surprise, or excusable neglect; (2) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (3) the judgment is irregular; (4) the judgment is void; or (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment remain in force.

Rule 74.06(b). Appellants argue that the trial court erred in setting aside the March 15th judgment because "Respondents cannot be held to meet the excusable neglect standard ... in that [their] conduct in refusing to respond to discovery showed intentional disregard for court authority and procedure." That argument has no merit because the trial court did not rely upon that ground to set aside the March 15th judgment. Instead, the trial court determined that the judgment was irregular because it was entered without proper notice to Respondents. That determination is correct.

■ A judgment entered without notice to an adversely affected party is irregular and can be set aside pursuant to Rule 74.06(b)(3). *See Breckenridge*, 194 S.W.3d at 920; *Lambert v. Holbert*, 172 S.W.3d 894, 897–98 (Mo.App.2005). This is because "[c]onstitutional due process requires that for a judgment entered against a party not in default to be valid, there must have been notice of the trial setting and an opportunity to be heard must have been granted at a meaningful time and in a meaningful manner." *Breckenridge*, 194 S.W.3d at 921. Therefore, "[a] party not in default who does not receive formal written notice of trial setting is entitled to a new trial, or to have a judgment entered against him set aside." *Id.* (citation omitted). Because the trial court determined

that Respondents did not receive notice of the March 15th hearing, the court did not abuse its discretion in setting aside the judgment entered on that date. *See Breckenridge*, 194 S.W.3d at 920–21; *Lambert*, 172 S.W.3d at 897–98. Accordingly, Point II is denied.

The judgment of the trial court is affirmed.

DANIEL E. SCOTT, P.J. and MARY W. SHEFFIELD, J., Concur.