IN RE the MARRIAGE OF Tosha
Marie TRAVIS and Fredrick
Darnell Travis

Tosha Marie Travis, Petitioner–
Respondent,

v.

Fredrick Darnell Travis, Respondent–
Appellant.

No. SD 34503

Missouri Court of Appeals,
Southern District,
Division Two.

Filed: May 4, 2017

Appellant Acting Pro Se—Fredrick Travis of Neosho, MO

Attorney for Respondent—Gregory R. Bridges of Neosho, MO (No brief filed.)

Nancy Steffen Rahmeyer, J.

**REVERSED AND REMANDED**

Fredrick Darnell Travis ("Father") appeals the judgment which denied in part his motion to set aside a judgment that dissolved his marriage to Tosha Marie Travis ("Mother"), and awarded sole legal and physical custody of two minor children to Mother with visitation for Father. Father raises three points in his appeal asserting that the trial court (1) erred in denying Father's motion to set aside the "default judgment," (2) "abused its discretion in striking [Father's] pleadings," and (3) "erred in determining that [Mother] should have sole custody of the children and their best interest and the award amount of child support." We believe Father's second point has merit, reverse the striking of his pleadings, and remand the case for further proceedings. As a result, we do not reach Father's other points as it is unnecessary to do so in resolving Father's appeal.[1]

**Facts and Procedural History**

On October 3, 2014, Mother filed a petition for dissolution of her marriage to Father in Newton County where both resided. In the petition, Mother alleged that she and Father had been married slightly more than six years, that they had separated on or about October 2, 2014, that she was unemployed and that Father was employed by the United States Department of Agriculture. Mother and Father had two children: a son who was ten, and a daughter who was six. At the time the petition was filed, the children were residing with Mother. Mother asserted that the best interest of the children supported an award of "joint legal and physical custody" of the children with Mother's address designated as the children's address "for purposes of education and mailing with reasonable and specific visitation in" Father. Mother also requested child support in an appropriate amount, maintenance, attorney fees and costs, and division of marital property and obligations.

Father was served by summons on October 6, 2014. Father delivered a letter to the trial court on October 30, 2014, and also filed a "motion for continuance" on November 5, 2014, in which Father sought an enlargement of the time to answer because he needed additional time to retain an attorney. In a docket entry on November 12, 2014, the trial court granted Father an additional thirty days to answer. On December 11, 2014, Father, acting without an attorney, filed an answer. In his answer, Father admitted Mother's allegations in the petition except Father denied that (1) the children currently resided with Mother, (2) Mother's address should be designated as the children's address with visitation to Father, (3) Mother was entitled to child support, maintenance, or attorney fees and costs, and (4) the marriage was irretrievably broken. Father also denied Mother's prayer for relief in the petition. In his answer, Father also requested that the trial court (1) grant dissolution of the marriage, (2) grant custody of the children (but did not specify how custody

---

1. Father appeals pro se. Mother did not file a brief. "While there is no penalty for that omission, it requires this [C]ourt to adjudicate [Father]'s claims of error without the benefit of whatever argument, if any, [Mother] could have made in response." *In re Estate of Klaas*, 8 S.W.3d 906, 908 (Mo.App. S.D. 2000).

All references to rules are to Missouri Court Rules (2016) unless indicated otherwise.

should be granted), (3) order appropriate child support and that Mother pay Father's attorney fees, and (4) divide the couple's marital property and debts.

Mother mailed her first set of interrogatories and first request for production of documents to Father on December 16, 2014. On January 29, 2015, Mother filed a motion requesting that Father be compelled to answer her interrogatories and respond to her request for production of documents, and requesting sanctions including striking Father's pleadings and refusing to permit Father to "support or oppose" the items sought in discovery.[2]

On January 31, 2015, the trial court scheduled a pre-trial conference for March 11, 2015. On March 3, 2015, because of a conflict for Mother's counsel, the trial court rescheduled the pre-trial conference for April 29, 2015.[3]

On March 17 and 18, 2015, an attorney from Independence, Missouri, entered his appearance on behalf of Father, and filed a first amended answer, a motion for appointment of a guardian ad litem, a motion for temporary parenting time, a counter petition, and Father's proposed parenting plan.

The first amended answer admitted that Mother was "currently unemployed" and Father was "currently employed" with the United States Department of Agriculture, that Mother and Father "separated on or about October 2, 2014," that the "minor children are entitled to child support deemed appropriate," and that the marriage was "irretrievably broken." The counter petition asserted that the minor children were "born before the marriage," and that the paternity of the older child had been determined but that the paternity of the younger child had "not been determined yet."[4] The counter petition also asserted that (1) the marriage was irretrievably broken "due to adultery committed by" Mother, (2) Mother's "marital misconduct" should be considered in dividing marital property and debt, "payment of attorney's fees, and custody of the minor children," (3) Mother "is currently employed at an unknown location,"[5] (4) Father's "sole legal and sole physical custody of the minor children" is in the best interest of the minor children,[6] and (4) "neither party is in need of maintenance" and "neither should be awarded attorney's fees and/or costs." Father's proposed parenting plan also provided for Father to have "sole physical custody" and "sole legal custody" of the minor children.

Father's motion for temporary parenting time stated that the "minor children currently reside with" Mother, and, in light of Mother's alleged sexual misconduct in the presence of the minor children and other parental misconduct, requested that a "[t]emporary order be entered adopting [Father's] [p]roposed [p]arenting [p]lan." Father's motion for appointment of a guardian ad litem repeated the allegations

---

**2.** *See* Rule 61.01 (b) and (d), Missouri Court Rules (2015) (authorized consequences for a failure to answer interrogatories or respond to a request for production of documents including "striking pleadings or parts thereof" or "render[ing] a judgment by default against the disobedient party").

**3.** It is unclear whether the April 29th pre-trial conference occurred.

**4.** In her answer to Father's counter petition, Mother admitted Father's allegations regarding the status of paternity determinations for the minor children.

**5.** In her answer to Father's counter petition, Mother admitted this allegation.

**6.** However, the prayer of the counter petition asks twice for the trial court to "grant the parties joint legal and physical custody" of the minor children.

of sexual and parental misconduct made in his motion for temporary parenting time, and added an additional allegation of sexual misconduct by Mother during the day. Father's motion for appointment of a guardian ad litem also requested that "equal responsibility" be placed on the parties for the guardian's fees.

On March 20, 2015, the trial court scheduled a pre-trial conference for April 15, 2015.

On April 13, 2015, Mother filed a proposed parenting plan that proposed Mother be granted sole legal and physical custody of the minor children with supervised visitation for Father.

On April 15, 2015, the trial court, based on Father's "allegations regarding the safety of the minor child[ren]" appointed a guardian ad litem "to represent the interests of the minor child[ren] throughout these proceedings."[7]

On May 19, 2015, Father's initial attorney withdrew and a second attorney from the same law firm entered an appearance on behalf of Father.

On May 21, 2015, Father filed an income and expense statement.

On July 7, 2015, Mother mailed her first request for production of documents and her first set of interrogatories to Father's attorney.[8] On July 10, 2015, Father emailed his first request for production of documents and his first interrogatories to Mother's attorney.[9] On July 31, 2015, Fa-

ther's attorney requested an enlargement of time to respond to Mother's first request for production of documents and first set of interrogatories.[10]

On September 29, 2015, Father's second attorney filed a motion to withdraw based at least in part on the attorney's allegations that (1) Father "owes approximately $7,500" to bring his "client trust account" to the minimum balance required by his written fee agreement, and (2) Father "has failed to cooperate with Counsel in the preparation of discovery responses." The motion to withdraw also stated that Father "has been informed of deadlines and court dates in this matter." A consent signed by Father was filed on October 5, 2015, in which Father consented to his second attorney's withdrawal, and represented that Father (1) "has discharged" his second attorney, (2) "has read and understands the content of the [m]otion to [w]ithdraw ... and hereby consents to the same without objection," and (3) "acknowledges notice of all pending hearings and other deadlines, and further that continuances will not be ordinarily granted because of the lack of counsel or lack of preparation time."

The trial court granted the motion to withdraw on October 7, 2015.

Following a pre-trial conference on October 14, 2015, the trial court made a docket entry on the docket sheet the same day that stated, "Motion to Compel [g]ranted, 5 days to answer or relief will be

---

**7.** The trial court entered an order on May 20, 2015, directing "that the parties each pay $250.00" to the guardian ad litem within thirty days.

**8.** Based on the record before us, it appears that the first set of interrogatories and request for production, which were served on Father while he was *pro se* in December 2014, were re-served on Father's attorney.

**9.** Father also emailed to Mother's attorney a summary of Mother's marital and non-marital property and liabilities and an income and expense statement for Mother.

**10.** The request for enlargement also appeared to request an enlargement of time to provide a summary of marital and non-marital property and liabilities and an income and expense statement for Father.

granted," [11] and scheduled another pre-trial conference for November 18, 2015. An October 20, 2015 docket entry states, in part, "Order compelling answers to interrogatories and responses to request for documents." The Order filed on October 20, 2015, stated:

COMES ON NOW for hearing on this 14th day of October, 2015, the Petitioner's Motion to Compel Answers to Petitioner's First Set of Interrogatories and Responses to Petitioner's First Request for Production of Documents. The Court finds that answers to the Interrogatories are past due and responses to the Request for Production of Documents are past due. The Court orders the Respondent to fully and accurately answer Petitioner's Interrogatories and respond to Petitioner's Request for Production of Documents, all as required by the Rules of Civil Procedure, within five (5) days of this date. Upon Respondent's failure to answer and respond, Respondent's pleadings shall be stricken, and Petitioner will be granted judgment by default.

On October 20 and 21, 2015, Mother filed a "Proposed Judgment and Decree of Dissolution of Marriage," an "Affidavit of [Mother] Requesting Dissolution of Marriage (Corrected)," [12] and a Form 14, intended to permit the trial court to enter final orders in the proceeding without a hearing. In the affidavit, Mother stated, "[Mother] has submitted a Parenting Plan, which she believes to be in the best interest of the children and is incorporated in

11.  It appears the court was referring to Mother's January 2015 motion to compel. The October 14, 2015 docket entry states, "Proposed Order Compelling ... Pre-trial Conference Held ... Motion to Compel Granted, 5 days to answer or relief will be granted. PTC 11–18–15 at 1:30 p.m." It is unclear from the record whether the motion was officially noticed up.

12.  Mother's filing was pursuant to Local Rule 68.11 for the Fortieth Judicial Circuit, which provides:

1)  Final orders entered—when. Final orders in a proceeding for dissolution of marriage or legal separation, motions to modify, actions for declaration of paternity and change of name may be entered upon the affidavit of either or both parties when:

a)  The Respondent in an action for dissolution of marriage, legal separation or declaration of paternity or change of name has been served in a manner provided by the Missouri Rules of Civil Procedure and is in default; and in all actions for change of name where there is no named Respondent; or

b)  There are no minor children of the mother and father and the mother is not pregnant, or one of the parties is represented by counsel and the parties have entered into a written agreement determining custody and child support; and

c)  The adverse party has been served in a manner provided by the Missouri Rules of Civil Procedure or has formally filed a verified entry of appearance or responsive pleadings; and

d)  There is no genuine issue as to any material fact; and

e)  There is no marital property to be divided or the parties have entered into a written agreement for the division of their marital property.

2)  Affidavit–Filing. If one party desires to submit the matter for entry of final orders upon an affidavit, the submitting party shall file an affidavit setting forth sworn testimony showing the court's jurisdiction as factual averments sufficient to support the relief requested in the proceeding together with a copy of the proposed decree or order, a copy of any written agreement proposed for adoption by the court, a completed Form 14, and any other supporting evidence. The filing of such affidavit shall not be deemed to shorten any statutory waiting period required for entry of a decree of dissolution or decree of legal separation.

3)  Hearing Required–When. The court shall not be bound to enter a decree or order upon the affidavit of either or both parties, but the court may, upon its own motion, require that formal hearing be held to determine any or all issues presented by the pleadings.

the proposed Judgment and Decree of Dissolution of Marriage."

The trial court signed the proposed judgment on October 21, 2015, but it was not filed until October 26, 2015.

A third attorney entered an appearance on behalf of Father on October 23, 2015.[13]

The judgment of dissolution signed on October 21, 2015, and entered on October 26, 2015, incorporated evidence presented by Mother's affidavit and provided: "[o]n October 14, 2015, the Court ordered [Father] to comply with discovery requests within five (5) days or [Father's] pleadings would be stricken. [Father] failed to comply with the Court's order and the Court strikes [Father's] pleadings and holds [Father] in default." The judgment (1) awarded "sole legal and physical custody" of the minor children to Mother with visitation for Father,[14] (2) ordered Father to pay monthly child support for the minor children in the amount of $874 beginning October 3, 2014, (3) awarded the marital home to Father, and (4) ordered no maintenance.

On October 29, 2015, Father's attorney filed a motion to set aside the judgment "pursuant to ... Rule 74.05." In the motion to set aside, Father asserted that, if the judgment was set aside, he "would be able to present evidence ... regarding a more appropriate custody and visitation order with regard to the children, allowing for joint legal custody and for the children's residential custodian to be that of [Father], given [Mother's] continued place-

ment of her own interests before those of the children."

A hearing was held on November 18, 2015, at which Father and his attorney, Mother's attorney and the guardian ad litem were present. The transcript of the hearing reflects the following exchange between the trial court, Mother's attorney, and Father's attorney:

[FATHER'S ATTORNEY]: ... First, [Father] was ordered on October 14th to answer discovery requests within five days of that date. [Father] indicates to me that he completed his interrogatories and delivered them to [Mother's attorney] on the following day, the 15th day of October.

THE COURT: Please mark them as evidence, please. Show them to [Mother's attorney].

[FATHER'S ATTORNEY]: I've marked those as Respondent's Exhibit A and tendered them to [Mother's attorney].

THE COURT: Thank you. [Mother's attorney], please review those. See if they—if your office received them.

[FATHER'S ATTORNEY]: That particular exhibit, [Father], at least ... indicates to me that was short some documents with regard to his retirement plan and that he tried to tender those to the office of [Mother's attorney] later. And I don't know if it was within the five days or not, but they refused to accept them at that time.

THE COURT: [Mother's attorney].

---

**13.** It appears that the third attorney sent supplemental answers to Mother's interrogatories to Mother's attorney by facsimile on Monday, October 26, 2015, and hand-delivered responses to Mother's request for production to Mother's attorney on October 27, 2015.

**14.** Father was given visitation on alternating weekends, holidays were allocated between Father and Mother (Father does not "acknowledge" several traditional holidays), "spring break" was split equally between Father and Mother, and Father was given visitation one week each month during the summer.

[MOTHER'S ATTORNEY]: Your Honor, to respond to the whole motion?

THE COURT: First, did you receive those?

[MOTHER'S ATTORNEY]: Yes, I did receive those.

THE COURT: And that's Exhibit— What exhibit is that?

[FATHER'S ATTORNEY]: A.

[MOTHER'S ATTORNEY]: It is A.

THE COURT: A? Thank you.

[MOTHER'S ATTORNEY]: Respondent. Yes, I did receive these.

THE COURT: All right. Go ahead, in response.

[MOTHER'S ATTORNEY]: And I shared that with the Court when the Court signed the judgment. The Court had ordered this gentleman, after delaying this matter since October 14, after refusing to answer the discovery repeatedly, that he had five days to provide full and complete answers or his pleadings would be stricken, and he would be defaulted. The Court directed me to provide a judgment.

He did provide these to me. And if the Court reviews them, they were not complete.

THE COURT: I didn't review them. I just need to know if he answered every question that was posed of him or, in the alternative, gave a legal objection as to why he was not answering.

[MOTHER'S ATTORNEY]: He did not.

The court orally denied part of Father's motion to set aside the judgment except to the extent Father desired to present evidence relevant to the division of marital property and liabilities and to the imposition of responsibility for attorney fees. The

trial court scheduled a hearing on these issues for January 6, 2016.

Following the hearing on January 6th,[15] the trial court entered an amended judgment of dissolution on March 1, 2016. The amended judgment indicated Mother filed a "Corrected Affidavit," and recited that the trial court "grants [Father's motion to set aside the judgment] solely on the issue of undivided assets and liabilities, and further hearing is held with regard to that issue only on January 6, 2016." The amended judgment mirrors the October 26, 2015 judgment with respect to custody and visitation, child support and maintenance, but allocates additional property and liabilities to Father and Mother's checking account to her. Father's and Mother's attorneys approved the March 1, 2016 judgment for form.

## Analysis

Initially, we note that both Father and the trial court denote the judgment as a "default judgment." As set forth in ***Keithley v. Shelton***, 421 S.W.3d 502, 505–06 (Mo.App. S.D. 2013), that designation is incorrect:

> ... Defendants moved to set aside a "default judgment," and the trial court's judgment setting aside the underlying judgment also referred to the underlying judgment as a default judgment. Both are incorrect. Rule 74.05(a) provides that a default judgment may be entered "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules [.]" Here, Defendants filed an answer to Plaintiffs' petition. Thereafter, Defendants failed

---

15. Father did not file a transcript of the January 6, 2016 hearing with us so we do not know what occurred at that hearing. From the docket sheet, it appears the parties may have announced an agreement that was incorporated into the amended judgment filed on March 1, 2016.

to respond to Plaintiffs' interrogatories and request for production of documents and failed to comply with the trial court's express order to provide that discovery within ten days. In the face of such failures, the trial court ordered Defendants' pleadings stricken as a sanction for discovery violations and entered judgment for Plaintiffs. Thus, the trial court's judgment was not a true default judgment; rather, it was a judgment for sanctions under Rule 61.01. *See Duvall v. Maxey*, 249 S.W.3d 216, 220 (Mo.App. [W.D.] 2008); *The Bank v. Lessley*, 240 S.W.3d 739, 742 (Mo.App. [S.D.] 2007). As such, it was a judgment on the merits. *Greasel Conversions, Inc. v. Massa*, 399 S.W.3d 456, 461 (Mo.App. [S.D.] 2013). While setting aside a default judgment is governed by Rule 74.05(d), that rule does not apply to setting aside a judgment upon the merits. *Greasel Conversions, Inc.*, 399 S.W.3d at 461. Setting aside a judgment rendered on the merits is governed by Rule 74.06. Rule 74.06; *Am. Econ. Ins. Co. v. Powell*, 134 S.W.3d 743, 746 (Mo.App. [S.D.] 2004).

■ In this case, an after trial motion was filed within 30 days, on October 29, 2015. The trial court set aside the judgment even though it indicated it was setting aside only a portion of the "default" judgment. As a result, there was no final judgment until the March 1, 2016 Amended Judgment. It is this judgment that has been appealed.

When reviewing a trial court's judgment in a court-tried case, the judgment will be affirmed unless there is no substantial evidence to support it, it is against the weight of the evidence, or it erroneously declares or applies the law. *Hunter v. Moore*, 486 S.W.3d 919, 925 (Mo. banc 2016). Trial courts are free to believe any, all, or none of the evidence

presented. *Ivie v. Smith*, 439 S.W.3d 189, 200 (Mo. banc 2014).

*Holm v. Wells Fargo Home Mortgage, Inc.*, 514 S.W.3d 590, 596, 2017 WL 770979, at *4 (Mo. banc Feb. 28, 2017).

■ We address Father's second point: The trial court abused its discretion in striking [Father's] pleadings because such sanctions deprived the court of necessary information it needed to review in order to justly comply with its statutory orders in the dissolution proceeding in that striking pleadings made it impossible to obtain information needed in determining factors regarding custody and best interests of the children, distribution of marital property and assets, child support, and all further issues in the dissolution proceeding and that lesser remedial sanctions were available.

We are concerned about several facts set forth above. First, though the initial judgment was not filed until October 26, 2015, it appears the trial court signed the initial judgment on Wednesday, October 21, 2015. Under Rule 44.01(a):

In computing any period of time prescribed or allowed by these rules, by order of court, or by any applicable statute, the day of the act, event, or default after which the designated period of time begins to run is not to be included. ... When the period of time ... allowed is less than seven days, intermediate Saturdays, Sundays and legal holidays shall be excluded.

If the time for Father to answer and respond ran from the date of the trial court's written order filed on October 20th, rather than the date of the docket entry on October 14th, Father's supplemented answers and responses, if complete, would have been timely under Rule 44.01(a). If the time for completing discovery ran from October 14, 2015, the answers were not due until October 21st. October 21st was

the last day of the five-day period that the trial court gave Father to respond to Mother's discovery requests.

From the transcript of the November 18, 2015 hearing, in which Mother's attorney stated, "And I shared that with the Court[,]" it appears that Mother's attorney may have provided at least a portion of information concerning Father's compliance with the discovery requests to the trial court when the trial court signed the initial judgment on October 21st that subsequently was filed on October 26, 2015. There is no indication that Father was present or given an opportunity to be present on October 21st. Thus, the trial court may have signed the initial judgment at least in part based on information that Mother's attorney communicated to the trial court at a time when neither Father nor any attorney acting on his behalf was present and without notice to Father.

Second, although the trial court and both parties appear to have believed that the five-day period for Father to comply with Mother's discovery requests ran from October 14th, the written order filed by the trial court on Tuesday, October 20, 2015, by its terms required Father to respond "within five (5) days of this date," and reasonably could be interpreted to require Father to respond within five days from the date the order was filed. Under that interpretation, Father's discovery responses that his third attorney delivered to Mother's attorney on Monday and Tuesday, October 26th and 27th, would have been timely under Rule 44.01(a), if the responses were complete. The judgment was filed on October 26, 2015, after an attorney entered an appearance for Father. Father's attorney appeared to represent to the trial court in the November 18, 2015 hearing that complete responses were filed by October 26th and 27th, when she stated "[i]t has all been answered at this

time." Although Father had been initially dilatory in responding to Mother's discovery requests, he had been actively participating in the dissolution proceeding through counsel until September 29, 2015.

■ Third, local rule 68.11 allows for entry of judgment upon an affidavit under certain circumstances, providing that a final order may be entered when a "Respondent in an action for dissolution of marriage, legal separation or declaration of paternity or change of name has been served in a manner provided by the Missouri Rules of Civil Procedure and is in default[.]" As we noted above, Father was not in default per local rule 68.11, yet there was no hearing concerning what custody arrangement was in the children's best interests. The dissolution was not granted appropriately pursuant to local rule 68.11. Additionally, although a guardian ad litem was appointed to protect and represent the interests of the children, there is no indication in the record provided to us that the trial court sought or received input from the guardian ad litem on appropriate custody of the minor children. Although a guardian ad litem is not required to make a recommendation as to custody and the trial court is not required to follow any recommendation made, "the GAL's input is desirable as part of the record because a GAL's 'principal allegiance is to the court, and his function is to advocate what he believes to be the best interests of the child by providing the court requisite information bearing on those interests untainted by the parochial interests of the child's parents.' *Davis v. Schmidt*, 210 S.W.3d 494, 509 (Mo.App. W.D.2007)." *J. D. v. L. D.*, 478 S.W.3d 514, 518 (Mo.App. E.D. 2015).

In her petition, Mother requested "joint" custody with reasonable visitation for Father before changing her position in her proposed parenting plan and affidavit

and requesting "sole" custody with supervised visitation for Father. Based on Father's stricken pleadings, and Mother's own admission as to a paternity dispute, the paternity as to the youngest child was disputed. There appears to be a significant dispute in this case as to appropriate custody of the minor children. Father's second point has merit.

For these reasons, we believe the trial court erred in striking Father's pleadings and granting a judgment under Rule 61.01. Issues related to the finality of the dissolution and the division of marital property are not affected by Father's appeal or this decision. We reverse and remand the trial court's March 1, 2016 judgment for further proceedings consistent with this opinion.

Gary W. Lynch, P.J.—Concurs

Daniel E. Scott, J.—Concurs