

## Missouri Court of Appeals
### Southern District
### Division One

FIFTH THIRD BANK,             )
                               )
        Plaintiff-Appellant,    )
                               )
vs.                           )      No. SD35636
                               )
TERRY R. BRADY,         )      Filed June 4, 2019
                               )
        Defendant-Respondent.   )

### APPEAL FROM THE CIRCUIT COURT OF PHELPS COUNTY

Honorable John D. Beger, Circuit Judge

<u>AFFIRMED</u>

Fifth Third Bank ("Bank") appeals the trial court's judgment denying its Rule 74.06(b)(3) motion (the "motion") to set aside a judgment entered against it and in favor of Terry R. Brady (the "underlying judgment").[1] Bank asserts two points relied on, claiming that the trial court erred in denying the motion because the trial court "applied the incorrect standard for timeliness" and the underlying judgment is irregular. Determining that Bank's first point has no merit and that its denial is dispositive, we affirm.

---

[1] All rule references are to Missouri Court Rules (2018).

1

The motion was made over eleven months after entry of the underlying judgment.[2]  The motion contains no factual allegations addressing this delay and is unverified.  Bank has failed to provide us with a record of any evidence presented to the trial court related to or addressing in any manner the reason for this delay.  Bank concedes in its brief on appeal that the trial court denied its motion because, among other reasons, it was not made within a reasonable time after the judgment was entered.

In its first point relied on, Bank contends that the trial court "applied the incorrect standard for timeliness" because the motion was "made within one year after the judgment was entered."

In the argument under its point, however, Bank changes its contention to claim that the trial court erred in denying the motion because it "*was made within a reasonable period of time that was not more than one year after the judgment was entered.*"[3]  (Emphasis added).  In support of its new "reasonable time" argument, Bank argues that, "[w]hile Missouri courts have favored [a] 'sooner-better-than-later concept', it is clear through the plain reading of the Rule, that the motion *may* be reasonable if made within one year of the judgment."  (Emphasis added).  Reciting the underlying facts in **Capital One Bank v. Largent**, 314 S.W.3d 364, 367 (Mo.App. 2010), Bank posits that the Eastern District of our court "found that the movant's eight-month delay in challenging the default judgment [under Rule 74.05] was reasonable."  In an effort to

---

[2] The trial court entered the underlying judgment on August 2, 2017, and the Bank filed the motion on July 6, 2018.

[3] "When an appellant fails to support a point with relevant legal authority or argument…, the point is deemed abandoned." **Smith v. Med Plus Healthcare**, 401 S.W.3d 573, 576 (Mo.App. 2013).  Similarly, "[i]ssues to which an appellant alludes only in the argument portion of [appellant's] brief are not presented for review." **In re Marriage of Flud**, 926 S.W.2d 201, 206 (Mo.App. 1996).  While Bank's change in contentions between its point and argument results in neither being reviewable on appeal, we *ex gratia* consider whether the trial court abused its discretion in determining that the motion was not made within a reasonable time after the judgment was entered because that is the sole focus of Bank's argument.

demonstrate that the underlying factual basis for its delay here is similar to that in ***Largent***,[4]

Bank then proffers a two-sentence factual explanation for its delay in making the motion. That

explanation, however, is not supported by any citations to the record on appeal, as required by

Rule 84.04(e),[5] and, upon our independent review, is not supported by the record on appeal.

Finally, in conclusion, Bank requests that this court find that its motion "was filed within a

reasonable period of time[.]"

Bank had the burden of proving in the trial court that it was entitled to Rule 74.06(b)

relief. ***First Bank of The Lake v. White***, 302 S.W.3d 161, 165 (Mo.App. 2009). "[A] Rule

74.06 motion to set aside a final judgment does not prove itself any more than does any other

unverified motion or pleading." ***Agnello v. Walker***, 306 S.W.3d 666, 675 (Mo.App. 2010)

(citing ***Weidner v. Anderson***, 174 S.W.3d 672, 677 (Mo.App. 2005)). "The motion court is

afforded broad discretion when acting on a Rule 74.06 motion, and an appellate court should not

interfere unless the record demonstrates an abuse of the motion court's discretion." ***First Bank***

***of The Lake***, 302 S.W.3d at165 (citing ***Jeffries v. Jeffries***, 840 S.W.2d 291, 293 (Mo.App.

1992)). Bank, therefore, had the burden to prove that the motion was "made within a reasonable

time *and* . . . not more than one year after the judgment or order was entered." Rule 74.06(c)

(emphasis added). While the legal file establishes the latter, Bank has failed to cite us to

anything in the record on appeal providing a purported factual basis upon which the trial court

could have found that the motion was made within a "reasonable time," much less demonstrating

---

[4] While Bank cites to and relies on ***Largent*** for its factual similarities to Bank's alleged underlying facts here, Bank cites no legal authority supporting the contention, somewhat implied by its shifting contentions between its point and its argument, that because its Rule 74.06(b) motion was made within one year after the judgment was entered, it was made within a "reasonable time" as a matter of law. Due to the obscurity of this contention in Bank's point and argument and the complete absence of relevant legal authority and a cogent supporting legal argument, we need not address that contention.

[5] Rule 84.04(e) provides, in relevant part, that "[a]ll factual assertions in the argument shall have specific page references to the relevant portion of the record on appeal, i.e., legal file, transcript, or exhibits."

3

that the trial court abused its discretion in rejecting that purported factual basis. Bank's attempt in its brief to provide an explanation for its delay is unavailing. "[T]his Court will not consider documents and testimony outside the record on appeal." *In re Adoption of C.M.B.R.*, 332 S.W.3d 793, 823 (Mo. banc 2011) (abrogated on other grounds by *S.S.S. v. C.V.S.*, 529 S.W.3d 811, 816 (Mo. banc 2017)). Where an appellant proffers evidence outside the record, it will not be considered on appeal. *Id.*

The factual basis for determining the "reasonable time" issue is considered on appeal as having been found by the trial court in accordance with the judgment adverse to Bank, i.e., the trial court found no such factual basis. *See* Rule 73.01(c) ("All fact issues upon which no specific findings are made shall be considered as having been found in accordance with the result reached."). Bank's failure to offer any evidence[6] to support a "reasonable time" factual basis necessarily dooms any abuse of discretion challenge to the trial court's adverse factual finding on that issue. *See First Bank of The Lake*, 302 S.W.3d at 169 (no abuse of discretion in failure to find factual issue when movant failed to present any evidence to the motion court of existence of that issue and presuming otherwise would effectively shift the burden of proof to non-moving party). Bank has provided us with no factual or legal basis for a decision on its first point other than the trial court did not abuse its discretion in denying the motion because it was not made within a reasonable time after the underlying judgment was entered. On that basis, Bank's first point is denied.

Because the motion was not timely made, Bank's second point challenging the substantive basis for its denial is moot and need not be considered.

---

[6] "[A]rgument of counsel does not qualify as sworn and competent testimony and does not replace movant's burden of proof requirement to produce competent and sworn testimony or evidence." *Agnello*, 306 S.W.3d at 675.

For the above reasons, the trial court's judgment is affirmed.[7]


GARY W. LYNCH, J. – OPINION AUTHOR

DON E. BURRELL, P.J. – concurs

NANCY STEFFEN RAHMEYER, J. – concurs in result in separate opinion

---

[7] Brady filed a Rule 84.19 motion for sanctions. "An appeal is frivolous if it presents no justiciable question and is so readily recognizable as devoid of merit on the face of the record that there is little prospect it can ever succeed." *Papineau v. Baier*, 901 S.W.2d 190, 192 (Mo.App. 1995) (internal quotations and citation omitted). "We will award damages under Rule 84.19 only with great caution lest we chill others from filing meritorious appeals." *Johnson v. Aldi, Inc.*, 971 S.W.2d 911, 913 (Mo.App. 1998). Bank's appeal is not so devoid of merit it warrants sanctions. Brady's motion for sanctions is denied.



# Missouri Court of Appeals

### Southern District

### Division One

FIFTH THIRD BANK,                          )
                                           )
    Plaintiff-Appellant,           )
                                           )
    v.                             )          No. SD35636
                                           )
TERRY R. BRADY,                            )          **Filed: June 4, 2019**
                                           )
    Defendant-Respondent.          )

### APPEAL FROM THE CIRCUIT COURT OF PHELPS COUNTY

Honorable John D. Beger, Circuit Judge

## CONCURS IN RESULT

I concur with the result in the majority opinion but for a different reason. I believe, even if we assume the trial court found the motion was not filed in a reasonable time, there are substantive reasons to affirm the judgment.

On July 13, 2016, Bank filed a petition for breach of contract against Terry R. Brady ("Brady"). The case was dismissed without prejudice by the trial court on November 17, 2016, after Bank failed to furnish costs as previously ordered. Bank filed a Motion to Set Aside Dismissal on December 14, 2016, and deposited $100 as Security for Costs. On that same day, the trial court set aside the dismissal.

On March 10, 2017, Brady filed a Motion to Continue Trial and for Leave to File Responsive Pleadings. On March 13, 2017, Bank filed a Motion for Default Judgment based on Brady's failure to file responsive pleadings. The following day, the trial court granted Brady's Motion to Continue Trial and for Leave to File Responsive Pleadings. Brady filed his Answer to Bank's Petition on March 27, 2017.

On April 5, 2017, Brady served Bank with his First Interrogatories Directed to Plaintiff, First Request for Production of Documents Directed to Plaintiff, and First Request for Admissions Directed to Plaintiff. On May 8, 2017, Brady filed a Motion to Compel Bank's responses. Bank filed a Motion for Extension of Time to Respond to Discovery on May 11, 2017. In its motion, Bank stated that it "mistakenly believed that [Brady] had agreed to extensions of time to respond to discovery requests while settlement negotiations were ongoing." On May 15, 2017, the trial court took up Brady's Motion to Compel and Bank's Motion for Extension of Time. The trial court granted Brady's Motion to Compel and denied Bank's Motion for Extension of Time.

In its Order, the trial court ordered Bank to provide responses without objection to Brady within 20 days and noted that the cause was set for bench trial on September 5, 2017. On July 7, 2017, Brady filed a Motion for Sanctions for Failure to Provide Discovery. In his motion, Brady argued that Bank's failure to provide complete discovery responses impeded his ability to prepare his defense against Bank's allegations. Brady requested that the trial court strike Bank's pleadings, or in the alternative, restrict Bank's testimony and evidence at trial concerning matters within the scope of Brady's request. On July 25, 2017, Bank filed three certificates of service indicating it had served its discovery responses on that date. On July 26, 2017, Bank filed a response to Brady's

2

Motion for Sanctions and stated that its delay was "a case of excusable neglect." The following day, the trial court heard arguments on Brady's Motion for Sanctions. On July 28, 2017, Brady filed a Brief in Support of His Motion for Sanctions for Failure to Provide Discovery. In Brady's Brief in Support of His Motion for Sanctions for Failure to Provide Discovery, Brady alleged that Bank failed to participate in discovery in good faith.

On August 2, 2017, the trial court entered its Judgment granting Brady's Motion for Sanctions and ordering that Bank's Petition be stricken and entered a judgment by default pursuant to Rule 61.01.[1] In its Judgment, the trial court found "[Bank] has shown contumacious and deliberate disregard for the authority of the court."

On July 6, 2018, 338 days after the entry of the Judgment, Bank filed a Motion to Set Aside Judgment and a Memorandum of Points and Authorities in Support of its Motion to Set Aside Judgment. On July 19, 2018, the trial court denied Bank's Motion to Set Aside Judgment. Bank filed its Notice of Appeal on July 27, 2018.

Bank's second point argues that the original judgment was "premature" and "materially contrary to an established form and mode of procedure for the orderly administration of justice."[2] I find neither of these arguments convincing.

---

[1] A "default judgment" entered pursuant to Rule 61.01 is treated as a judgment on the merits. ***Greasel Conversions, Inc. v. Massa***, 399 S.W.3d 456, 461 (Mo.App. S.D. 2013). The default judgment rule does not apply because the judgment is not a "default" in the ordinary sense; it is a product of a sanction. ***Id.*** "'Rule 74.05 is inapplicable where a trial court strikes a party's pleadings and enters judgment as a sanction for the party's failure to comply with a discovery order.'" ***Id.*** (quoting ***Lindsey v. Lindsey***, 336 S.W.3d 487, 492 (Mo.App. E.D. 2011)). Rule 74.06 rather than Rule 74.05 applies to setting aside judgments on the merits. *See* ***Cotleur v. Danziger***, 870 S.W.2d 234, 236 (Mo. banc 1994) ("Rule 74.06(b) . . . allows a court to set aside a final judgment after a court has ruled on the merits of a case[.]")

[2] In its argument, Bank argues that the judgment is "irregular."

3

Point II challenges the trial court's denial of Bank's Motion to Set Aside Judgment entered as a sanction for failure to comply with a discovery order. Rule 74.06(b) provides that a court,

> [o]n motion and upon such terms as are just, . . . *may* relieve a party . . . from a final judgment or order for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (3) the judgment is irregular; (4) the judgment is void; or (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment remain in force.

(Emphasis added).

In Point II, Bank argues that the "trial court erred in denying the Motion to Set Aside Default Judgment, because the premature judgment is materially contrary to an established form and mode of procedure for the orderly administration of justice, in that the trial court reached procedural errors which, if known, would have prevented entry of a judgment."[3] Bank seems to address "irregularity"[4] in Point II, arguing that the Judgment is "irregular" because the trial court should have imposed lesser sanctions before entering a default judgment for failing to comply with the discovery order. Bank's analysis is wrong for several reasons.

An irregular judgment is one "materially contrary to an established mode of procedure for the orderly administration of justice." ***Burris v. Terminal R.R. Ass'n***, 835 S.W.2d 535, 538 (Mo.App. E.D. 1992). "The rule reaches only procedural errors which,

---

[3] Bank's Point II fails to comply with Rule 84.04(d) in that it fails to "[e]xplain in summary fashion, why, *in the context of the case*, [the] legal reasons support the claim of reversible error." Rule 84.04(d)(1)(C) (emphasis added).

[4] Likewise, Bank assumes the default judgment was "irregular" in Point I without explaining how the judgment is irregular.

if known, would have prevented entry of a judgment." *Id.* The default judgment against Bank was expressly authorized by Rule 61.01(b)(1) and (d)(2). Rule 61.01 provides, in relevant part:

> (b) Failure to Answer Interrogatories. If a party fails to answer interrogatories or serve objections thereto within the time provided by law, or if objections are served thereto that are thereafter overruled and the interrogatories are not timely answered, the court may, upon motion and reasonable notice to other parties, take such action in regard to the failure as are just and among others the following:
> (1) Enter an order striking pleadings or parts thereof or dismissing the action or proceeding or any part thereof or render a judgment by default against the disobedient party;
>
>     . . . .
>
> (d) Failure to Produce Documents and Things or To Permit Inspection. If a party . . . fails to produce documents and tangible items as requested under Rule 58.01, or timely serves objections thereto that are thereafter overruled and the documents and things are not timely produced or inspection thereafter is not timely permitted, the court may, upon motion and reasonable notice to other parties, take such action in regard to the failure as are just and among others the following:
>
>     . . . .
>
> (2) Enter an order striking pleadings or parts thereof or staying further proceedings until the order is obeyed or dismissing the action or proceeding or any part thereof or render a judgment by default against the disobedient party[.]

It cannot be a procedural error for a court to do what is expressly permitted in the Missouri Rules of Civil Procedure. Bank's interpretation of Rule 61.01 would render it a hollow threat. I would decline to take such an approach.

Missouri courts hold that where a party receives notice and an opportunity to be heard prior to the entry of the default judgment, the judgment is not "irregular" (i.e., materially contrary to established forms and modes of procedure). Bank has failed to cite any Missouri case law to support its position that the Judgment violated an established

form and mode of procedure and does not allege it did not receive notice or an opportunity to be heard at the hearing prior to entry of the Judgment.

There is nothing in the record that demonstrates the trial court's entry of the Judgment was contrary to established procedure. To the contrary, the entry of a default judgment for failure to provide discovery responses is consistent with the procedure set forth in Rule 61.01(b)(1) and (d)(2) of the Missouri Rules of Civil Procedure. Bank does not claim they did not receive notice or an opportunity to be heard prior to the entry of the default judgment. Accordingly, I cannot say the trial court abused its discretion in denying Bank's Motion to Set Aside Judgment. I would affirm the judgment based on Bank's substantive appeal that the judgment was irregular.

Nancy Steffen Rahmeyer, J. – Concurring Opinion Author