

# In the Missouri Court of Appeals
# Eastern District

### DIVISION TWO

| | | |
|---|---|---|
| S.S., a Minor, by and through her Next Friend T.R.S., and T.R.S., individually, | ) ) ) | No. ED108143 |
| Petitioners/Appellants, | ) ) | Appeal from the Circuit Court of Jefferson County |
| vs. | ) ) | |
| K.E.J., | ) ) | Honorable Brenda Stacey |
| Respondent/Respondent. | ) | Filed: August 25, 2020 |

### Introduction

T.R.S. (Appellant) appeals from the trial court's Judgment and Decree of Paternity (Judgment) and denial of his Motion to Set Aside Judgment (motion to set aside). Appellant claims the trial court erred by not setting aside the Judgment, entered following a paternity hearing for which he did not receive notice. We reverse the trial court's denial of Appellant's motion to set aside and remand with instructions to set aside the Judgment and allow for a hearing on the merits.

### Factual and Procedural Background

Appellant filed a Petition for Paternity against K.E.J. (Respondent) alleging he was the father of S.S. (Child). He further alleged it was in Child's best interest for the trial court to grant sole legal custody to Appellant and joint physical custody to Appellant and Respondent. The petition included Appellant's address, 39 Hickory Hill. Respondent also filed a paternity action,

and after the two cases were consolidated, filed a counter-petition. Appellant and Respondent entered into mediation, and in October 2017 filed a notice with the trial court stating they had reached an agreement. In August 2018, Appellant's counsel filed a motion to withdraw. The trial court granted the motion to withdraw in December 2018 and mailed a copy of the order to Appellant at the incorrect address of **69** Hickory Hill. The case was continued for several pretrial conference settings and on May 10, 2019, was set for trial on July 9, 2019. A copy of the order setting the matter for trial was mailed to Appellant, again at 69 Hickory Hill. On May 22, 2019, the order mailed to Appellant was returned by the postal service to the clerk's office marked "Return to Sender – Insufficient Address – Unable to Forward."  A copy of the return notice was filed with the court, and no further attempts to notify Appellant were made.

On July 9, 2019, Appellant failed to appear at the hearing and the trial court proceeded on Respondent's counter-petition. Respondent presented her parenting plan giving the parties joint legal custody of Child but granting her sole physical custody, with Appellant receiving only visitation. The trial court entered its Judgment the same day, adopting Respondent's parenting plan and ordering Appellant to pay Respondent child support.

Appellant filed his motion to set aside on August 1, 2019.[1]  His motion, with an attached affidavit, stated the order notifying him of the trial setting was returned to the clerk's office due to an insufficient address, and as a result he did not have notice of the trial date. The trial court denied his motion without explanation on August 5, 2019. This appeal follows.

Points Relied On

In Point I, Appellant claims the trial court erred in not setting aside the Judgment because Appellant did not receive notice of the hearing, in violation of his right to due process. In Point

---

[1] Appellant also filed an address change with the trial court, correcting his address to 39 Hickory Hill.

2

II, Appellant claims the trial court erred in awarding Respondent sole physical custody because the award was against the weight of the evidence in that a sole physical custody designation was not in the best interests of Child pursuant to Section 452.375.4.[2]

Standard of Review

"The trial court is vested with broad discretion when acting on a motion to set aside a judgment." Edwards v. Black Twig Mktg. & Comm. LLC, 418 S.W.3d 512, 516 (Mo. App. E.D. 2013), quoting Greasel Conversions, Inc. v. Massa, 399 S.W.3d 456, 458 (Mo. App. S.D. 2013) (internal quotations omitted). "This Court should not interfere unless the record convincingly demonstrates an abuse of discretion." Greasel Conversions, 399 S.W.3d at 458, citing Breckenridge Material Co. v. Enloe, 194 S.W.3d 915, 918 (Mo. App. E.D. 2006). Additionally, "where custody of children is involved … the strict rules pertaining to the setting aside of such judgments are less rigorously applied." Brooks v. Brooks, 800 S.W.2d 468, 470-71 (Mo. App. E.D. 1990), quoting Hinson v. Hinson, 518 S.W.2d 330, 332 (Mo. App. St.L. 1975).

Discussion

Appellant claims the trial court abused its discretion in not setting aside the Judgment under Rule 74.06(b),[3] which states:

> On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment or order for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (3) the judgment is irregular; (4) the judgment is void; or (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment remain in force.

---

[2] All statutory references are to RSMo (2019) unless otherwise indicated.
[3] All rule references are to Mo. R. Civ. P. (2019) unless otherwise indicated.

Appellant argues it was an abuse of discretion to not set aside the Judgment when he was not provided notice of the hearing because "the cornerstone foundation of our legal system is due process and opportunity to be heard." We agree.

The trial court has a duty to send parties notice of their trial setting once ordered. Breckenridge, 194 S.W.3d at 919; Rule 74.03 ("Immediately upon the entry of an order or judgment, the clerk shall serve a notice of the entry by mail in the manner provided for in Rule 43.01 upon each party who is not in default for failure to appear and who was not present in court in person or by attorney at the time of the entry of such order or judgment…."). Rule 43.01(a) states, "Each party shall be served with: (1) Every pleading subsequent to the original petition; (2) Every written motion, other than one that may be heard ex parte; and (3) Every written notice, appearance, demand, offer of judgment, order, and similar paper that by statute, court rule, or order is required to be served." Under Rule 43.01(c)(2), service is to be made on parties not represented by an attorney: "(A) By delivering or mailing a copy to the party; (B) By facsimile transmission; (C) By electronic mail; or (D) By serving a copy in the manner provided for service of summons in Rule 54.13."

> "A judgment entered without notice to an adversely affected party is irregular and can be set aside pursuant to Rule 74.06(b)(3)." Greasel Conversions, 399 S.W.3d at 462. "This is because constitutional due process requires that for a judgment entered against a party not in default to be valid, there must have been notice of the trial setting and an opportunity to be heard must have been granted at a meaningful time and in a meaningful manner." Id. (quotation omitted). "Therefore, a party not in default who does not receive formal written notice of trial setting is entitled to a new trial, or to have a judgment entered against him set aside." Id. (quotation omitted).

Edwards, 418 S.W.3d at 519.

Appellant was not in default. "It is the failure to file a responsive pleading that causes a party to be in default, not the party's failure to appear for trial." Kerth v. Polestar Entertainment,

4

325 S.W.3d 373, 379 (Mo. App. E.D. 2010), quoting Breckenridge, 194 S.W.3d at 921 (internal quotations omitted). Therefore, if Appellant did not receive formal written notice of the trial setting, he was entitled to have the Judgment set aside.

There is no showing of service in the record. Instead, the record shows an attempted service by mail; however, the clerk mailed the order to 69 Hickory Hill instead of 39 Hickory Hill. The record further reflects this order was returned marked "Insufficient Address." The transcript from the hearing shows the trial court did not inquire into whether Appellant received notice of the setting. "Unless the record establishes that the complaining party was provided notice of a trial setting, we may conclude the complaining party did not receive notice." Id. at 380, quoting Breckenridge, 194 S.W.3d at 920 (internal quotations omitted).

The record shows Appellant's last involvement prior to filing his motion to set aside was when the mediation compliance report was filed with the trial court indicating Appellant and Respondent had reached an agreement. Because the record does not establish Appellant was provided notice of a trial setting, we may conclude he did not receive notice. Further, because Appellant was not in default and did not receive notice, he is entitled to have the Judgment set aside. Point I is granted.

Because Point I is dispositive, we do not address Point II.

<u>Conclusion</u>

The trial court's denial of Appellant's motion to set aside is reversed and remanded, with instructions to set aside the Judgment and allow the case to proceed on the merits.

_Sherri B. Sullivan_
SHERRI B. SULLIVAN, J.

Robin Ransom, P.J., and
Lisa P. Page, J., concur.

5